## J. P. S. ELLIOTT v. GEORGE REYNOLDS.

1. JURY — *Special Questions — Right to Submit.* Where a trial is had by a jury, each party has the right to have submitted special questions as to a particular fact raised by the issues or evidence material to the controversy; and what questions are material is for the court to determine.

2. SPECIAL QUESTIONS — *Refusal to Submit.* Where special questions are presented by a party which the court refuses to submit to the jury, and where it is shown that said questions so refused assume as true certain material facts in controversy, *held,* a refusal to submit such questions is not error.

*Error from Sumner District Court.*

ACTION by *Elliott* against *Reynolds,* to recover upon two promissory notes made by the defendant. Trial at the October Term, 1885, and judgment for defendant. The plaintiff brings the case to this court. The material facts are stated in the opinion.

*S. D. Pryor,* for plaintiff in error.

*Herrick, George & King,* for defendant in error.

Opinion by CLOGSTON, C.: This was an action brought by the plaintiff in error against the defendant in error upon two promissory notes executed by the defendant in favor of Nixon Elliott. Plaintiff alleged that before said notes became due, Nixon Elliott indorsed and for value transferred said notes to E. J. Elliott, and afterward, and before due, E. J. Elliott indorsed and for value transferred the notes to plaintiff, and that he was the owner and holder thereof. The defendant in an-

swer alleged, first, a specific denial of all the allegations in plaintiff's petition, save and except the making and delivery of the notes.   As a further defense, defendant alleged that before maturity of said notes, and before the indorsements or transfers thereof, and with the full knowledge of both E. J. Elliott and the plaintiff, defendant paid Nixon Elliott, the payee therein, the full amount of said notes and interest; and as a further defense, the defendant alleged that at the time said notes were executed plaintiff and defendant were partners engaged in the raising and selling of nursery stock; that by the terms of their partnership defendant was to raise the stock upon his farm, and furnish the same when ready for sale to the plaintiff, who was to sell the same and account to the defendant for one-half of the proceeds; and that by a verbal agreement plaintiff was to receive from defendant said nursery stock, and as fast as received and sold by him he was to credit defendant with the full amount of one-half of the proceeds on the notes in controversy, until they were fully paid.   Defendant further alleged that in pursuance of said agreement and before the notes became due, and before they were transferred or indorsed by said payee, he delivered to Nixon Elliott nursery stock, the one-half of which in value was greatly in excess of the amount due by defendant on said notes, and that Nixon Elliott received said nursery stock under said agreement and sold and appropriated the same to his own use, and has never paid defendant any part of the proceeds thereof, except in payment of said notes.   In reply to this answer plaintiff filed a general denial, and as further reply alleged that said nursery stock belonged to a partnership composed of plaintiff and defendant and one Lewis Williams and one S. E. Maxwell; that said partnership had never been settled and wound up; and that a large portion of the nursery stock so delivered by plaintiff to Nixon Elliott was destroyed by fire, without fault of the said Nixon Elliott.

Plaintiff in error at the trial prepared and requested the court to submit to the jury the following questions of fact:

"1. When were the notes in suit in this case transferred to E. J. Elliott?

"2. What did E. J. Elliott give or pay Nixon Elliott for the notes sued on in this case?

"3. When did E. J. Elliott make a trade with Nixon Elliott for the notes sued on in this case?

"4. At the time E. J. Elliott traded with Nixon Elliott for the notes sued on, had she any notice of any kind or character of any defenses to said notes or any part thereof?

"5. If you answer the last question in the affirmative, then you may state particularly what notice she did have, and in what way or manner she acquired such notice?

"6. You may state the names of all the persons that owned any interest in the nursery stock delivered by defendant to Nixon Elliott in the years 1879, 1880, 1881, and 1882, and state the interest that each had therein?"

The court refused to submit said questions to the jury, except those numbered 2 and 6, and this refusal the plaintiff assigns as error. The record does not show what answer the jury returned to the two questions submitted. It is the right of litigants to have submitted to the jury every question of fact upon which the jury, by the issues and evidence, are required to find; and it is the duty of a court to submit such questions upon the request of either party; but this broad rule or right includes only such questions as are competent under the pleadings and evidence, which competency must be determined by the court. In this case, the questions which the court refused to submit assumed that certain facts existed; in other words, they assumed that the notes had been transferred to E. J. Elliott, and their only inquiry was as to when they were transferred. This was assuming as true a fact that was in dispute, and one of the principal questions to be determined in this suit. This question was properly refused. Question No. 2 was submitted. No. 3 was a repetition of the facts set forth in No. 2. If the jury answered the second one—and for the purposes of this inquiry we must presume that they were answered in harmony with the general verdict—and if this be true, then their answer to No. 2 was that E. J. Elliott did not give or pay Nixon Elliott anything for the notes sued on in this case. If this was true, then this was a complete answer to No. 3, because if she gave nothing, then she made

no trade for the notes; and it also was a competent answer to No. 4, for if she paid or gave nothing for the notes, then there was no trade as suggested in question No. 4. Question No. 5 depended upon the answer to No. 4. No. 6 was submitted by the court. We see no error in refusing to submit these questions. They were either answered by the questions which were submitted, or they suggested as true, facts which were in dispute and material to the action. This was not competent.

The only other objections urged by the plaintiff in error are, first, that the court improperly instructed the jury; but we have examined the record, and find that there were no exceptions saved to the instructions of the court, and therefore this objection must be disregarded.

As a last objection, the plaintiff insists that the verdict was not sustained by the evidence. This question has been so often presented and so often decided by this court that it requires no argument. Here was a question of fact in dispute. Every question presented by the issues was disputed on one side or the other. Evidence was offered on these questions. It was the duty of the jury to find the facts, and when disputed questions of fact are submitted to the jury their verdict thereon is conclusive.

We see no errors in the record, and therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.