No. 19,894.

VIDA MALET, substituted for VIDA TROST, *Appellee,* v. JAMES HANEY, *Appellant,* et al.

### SYLLABUS BY THE COURT.

1. TAX DEED—*Holder No Right to Forcible Possession.* A tax deed, however perfect in form and valid in law, does not give the holder a right by force or violence to take possession of the land described in such deed.

2. ATTORNEYS' FEE—*Improperly Allowed—Remittitur.* Error in charging that an attorneys' fee may be allowed was rendered harmless in this case by the subsequent remittitur of such fee.

3. PARTITION—*Qualification of Commissioners.* The statute prescribing no qualifications for commissioners in partition, the appointment of witnesses in the case who had testified as to the value of the property involved did not of itself work material prejudice.

4. TRIAL—*Mistake in Instructions—Not Prejudicial.* A mistake in the charge as to the date when the defendant obtained a certain quitclaim deed was not substantially prejudicial, full opportunity being had to correct such date in the argument by reference to the evidence on that point.

5. SAME—*Remittitur—Passion and Prejudice of Jury.* The remittitur of a substantial portion of the sum awarded by the jury was not a confession of passion or prejudice, a remittitur being proper only in the absence of passion and prejudice.

Appeal from Sherman district court; CHARLES W. SMITH, judge. Opinion filed May 6, 1916. Affirmed.

*John Hartzler,* of Goodland, for the appellant.
*E. F. Murphy,* of Goodland, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff, upon the death of her mother, inherited a one-sixth interest in the land in controversy. She brought two actions, one to recover damages for an alleged

Malet v. Haney.

malicious, forcible entry and dispossession and conversion of her personal property found in the house on the premises, and the other to have her one-sixth interest in the land adjudicated. The two actions were consolidated. The answers, in brief, denied the allegations of the petition, alleged ownership of a five-sixths interest by purchase from the other heirs, set up a tax deed for the entire tract, and a peaceable entry upon the premises, which were alleged to have been vacant and unoccupied, also expenditure of considerable sums for improvements and repairs, and prayed for partition. The trial resulted in a verdict for the plaintiff for $550, with special findings to the effect that possession was taken without the assent of the plaintiff, and wantonly, maliciously "and in disregard of her right thereto"; that she was actually damaged $150; that her punitive damages were $400; that the defendant had paid $66.73 taxes; and the plaintiff was allowed $75 attorneys' fee. The plaintiff remitted the attorneys' fee, $50 of the actual damages and $250 of the punitive damages. Judgment was entered for $100 actual and $150 punitive damages, and for $17.30, one-sixth of the rental value while the premises were occupied by the defendant, to which one-sixth of the taxes paid by him were adjudged an offset. The plaintiff was decreed the owner of an undivided one-sixth interest, and partition was ordered. Defendant Haney appeals and assigns six errors, which will be considered in their order.

*First,* instructing that the tax deed was void on its face and conveyed no title and gave the holder a right only to a return of the taxes. The jury were not instructed that the deed was void on its face, but that it was void for irregularities and gave a claim for taxes. The court, however, held the deed void on its face for the reason that it recited a consideration of $6.75 more than the county was entitled to receive. Counsel for the defendants has made a computation, from which he concludes that the excess amounted to only fifteen cents. The deed had not been recorded five years, and even if valid upon its face it would not, as the jury were properly instructed, authorize a forcible taking of possession.

*Second,* holding substantially that rightful possession could be taken only after the tax deed was set aside for irregularities. What the court did instruct was that the tax deed, being void

for irregularities, gave an enforceable claim for taxes, but no right to take forcible possession and oust the occupant. In this there was no error.

*Third,* instructing the jury that they could find a specific amount as attorneys' fees to plaintiff. This was error. (*Evans v. Insurance Co.,* 87 Kan. 641, 125 Pac. 86; *Winkler v. Bank,* 89 Kan. 279, 281, 131 Pac. 597.) But as this allowance was all remitted, the error was thereby rendered harmless.

*Fourth,* two witnesses who testified as to their opinion of the value of the land in question, one of them that it was worth from eleven hundred to twelve hundred dollars and the other from ten hundred and fifty to eleven hundred dollars, were appointed commissioners in partition, and with the third returned an appraisement of $750. It is contended that it was error to appoint these witnesses commissioners. It would seem that commissioners should be impartial and unbiased when they go forth to ascertain and report to the court the value of the land in question, and that if they have a fixed opinion as to such value, which opinion they have given under oath, they can hardly be deemed qualified for the performance of such duty. (Civ. Code, §§ 640, 641.) But the statute prescribes no qualifications, and as no damage is shown to have arisen and no prejudice to have resulted, no material error is affirmatively shown with respect to this assignment.

*Fifth,* error in instructing that the evidence showed that defendant James Haney was owner of the five-sixths interest by deed executed since the doing of the acts complained of by plaintiff. His quitclaim deed was dated October 4, 1913, and filed for record October 8, 1913, "while the doings of the acts complained of" were alleged to have been on October 20, 1913, and as scarcely any of the evidence is brought up we assume that this date is substantially correct. It is argued that this instruction of necessity prejudiced the defendant in the eyes of the jury for the reason that if his tax deed was void he was a mere trespasser. It does not appear, however, and we can not conclude from anything in the record, that this mistake in dates was of such force and prominence as to mislead the jury, the opportunity being ample to explain the matter fully in the argument of the case by reference to the dates shown by the evidence.

Malet v. Haney.

*Sixth,* and last, that the verdict was returned by the jury while under the influence of prejudice and passion. Centering upon this point, counsel directs our attention to the error respecting the allowance of an attorneys' fee, and what is termed the grossly excessive value of the property given by the two witnesses who were afterwards appointed commissioners, "and which they themselves impeached by their report that it was worth only about three-fifths of what they told the jury it was worth"; and the influence upon the jury of the instruction that the five-sixths interest was acquired after and not before the taking possession. Also that the act of the plaintiff in remitting $375 out of a total award of $625 amounted to an admission of prejudice and passion. As none of the evidence touching the value of the property alleged to have been converted, the damages otherwise sustained by the plaintiff or the conduct of the defendant is before us, it is impossible to know what basis existed for either the award or for the remittitur. The mere fact that a material portion of the sum allowed was voluntarily remitted can hardly be held a confession of prejudice, otherwise the orders now and then made by this court to grant a new trial unless a certain sum be remitted would indicate that the court deemed the verdicts in such cases inspired by passion and prejudice, whereas, if such were the view this court would in all such cases order a new trial peremptorily and unconditionally. A remittitur is proper only in the absence of passion and prejudice. (*Yard v. Gibbons,* 95 Kan. 802, 814, 149 Pac. 422, and cases cited.)

Finding no material error, the judgment is affirmed.