No. 21,735.

GERTRUDE BOTHE, a Minor, by FRANK BOTHE, her Next Friend, *Appellee*, v. ELLIOTT B. TRUE, *Appellant*.

SYLLABUS BY THE COURT.

1. PRACTICE—*Refusal to Submit Special Questions*. It is not error to refuse to submit to the jury special questions which cannot be answered from the evidence.

2. SLANDER—*Words Imputing Larceny—Amount of Recovery*. In an action to recover damages caused by slanderous words spoken of the plaintiff charging her with larceny, the amount of recovery should be left to the good sense and fair judgment of the jury, where there is no evidence to show the amount of damage sustained.

3. SLANDER—*Certain Evidence Withdrawn—No Error*. Evidence was introduced concerning the claimed rights of the parties who were on the premises when the slanderous words were spoken, and concerning why the plaintiff was then at that place. That evidence was afterward withdrawn from the jury, because punitive damages were not alleged nor claimed. *Held*, not error.

4. SLANDER—*Amount of Verdict Reduced by Court—No Error*. In an action for slander, a judgment will not be reversed where the trial court reduces the amount of the verdict, with the consent of the prevailing party, and finds that the jury was not influenced by passion or prejudice or other improper motives, and there is nothing in the record to indicate that the jury was so influenced.

Appeal from Jackson district court; FRED T. WOODBURN, judge. Opinion filed October 12, 1918. Affirmed.

*Guy L. Hursh*, and *E. R. Sloan*, both of Holton, for the appellant.

*E. D. Woodburn*, of Holton, *A. E. Crane*, and *R. F. Hayden*, both of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against him for $1,000 in an action for slander. The petition set out two causes of action, in each of which the plaintiff alleged that the defendant had used language toward her in the presence of others charging her with larceny. Judgment for $3,000 was asked on each cause of action. There was evi-

dence to prove that the defendant had said to the plaintiff in the presence of others, "you stole $200 of my money," and "you stole my hay and you stole my corn, and I defy you to touch a straw of my hay."

1. Complaint is made that the court refused to submit two special questions in which the defendant requested that the jury be required to state what the items of actual damages were in each cause of action. Only general damages were alleged, and there was no evidence to prove any item of damage. The questions requested could not be answered from the evidence. It was for the jury to determine the amount of damages sustained by the plaintiff. (*Miles v. Harrington,* 8 Kan. 425; *Roniger v. McIntosh,* 91 Kan. 368, 370, 137 Pac. 982; *Good v. Higgins,* 99 Kan. 315, 320, 161 Pac. 573; *Kunz v. Allen,* 102 Kan. 883, 172 Pac. 532.) There was no prejudicial error in refusing to submit the questions.

2. Another matter urged by the defendant is that the court erred in giving the following instructions:

"If you find for the plaintiff as provided in the next preceding instruction, then the next question for your determination is the amount of damages to be allowed. When words imputing a crime are intentionally and falsely spoken of another, the law not only presumes that the words were spoken maliciously, but that the person of whom the words were spoken was thereby damaged and in such case the jury should allow actual damages, which are such as are recoverable at law from a wrongdoer as a matter of right as compensation for the actual damage sustained by him by reason of the wrong. The term actual damage is synonomous with the term compensatory damages.

"In order for the jury to allow actual damages, it is not necessary that any witness testify to the amount of damage done or the sum necessary to compensate the injured person, but in this class of cases, it is for the jury to determine what amount of damages, if any, will compensate the injured person, limited, of course, by the amount claimed in the petition."

These instructions did not incorrectly state the law applicable to the evidence. (*Roniger v. McIntosh,* 91 Kan. 368, 370, 137 Pac. 982.)

3. Another matter is urged concerning the instructions. Evidence had been introduced concerning the claimed rights of the parties on the premises where the slanderous words were spoken, and concerning why the plaintiff was then at

that place. On this question the court instructed the jury as follows:

"Such evidence could only bear upon the question of actual malice and since no punitive damages are claimed, such evidence should be disregarded by you, and is hereby withdrawn from your consideration. For the purposes of this case, it makes no difference why the plaintiff and her companions were at the place where it is claimed the slanderous words were spoken and the fact, if it be a fact, that plaintiff and her associates were there without right would be no defense or excuse to the defendant for speaking the alleged slanderous words if in fact he did utter them."

The defendant argues that under the instruction the jury was unable to determine what evidence was and what was not affected thereby, and argues that the jury should consider the manner in which the slanderous statement was made, together with all the attending circumstances. The reasons for withdrawing the evidence, as given by the court, are a sufficient answer to the defendant's argument, and nothing more need be said.

4. The last proposition argued by the defendant is that the verdict of the jury was so excessive as to show that it was prompted by passion and prejudice. The verdict was for $1,700. On the motion for a new trial, the court found "that the jury were not influenced by passion or prejudice, or other improper influence, in reaching their verdict"; but the amount of the verdict did not meet with the approval of the court, and the plaintiff was therefore required to remit $700 of the verdict, or the verdict would be set aside. It was not error for the court to reduce the amount of the verdict without granting a new trial. (*U. P. Rly. Co. v. Mitchell,* 56 Kan. 324, 43 Pac. 244; *Railway Co. v. Frazier,* 66 Kan. 422, 71 Pac. 831; *Van Vrankin v. Railway Co.,* 84 Kan. 287, 292, 114 Pac. 202; *Malet v. Haney,* 98 Kan. 20, 157 Pac. 386.) The practice followed by the trial court has been followed in this court. (*Truman v. Railroad Co.,* 98 Kan. 761, 161 Pac. 587.)

Unless it appears that the trial court was in error concerning the manner in which the jury arrived at its verdict, this court cannot interfere with the conclusion reached by that court. Such error does not appear.

The judgment is affirmed.