G. N. HARTWELL v. THE EQUITABLE MANUFACTURING COMPANY, a Partnership, etc.

No. 15,424.   (97 Pac. 432.)

SYLLABUS BY THE COURT.

1. AGENCY—Authority—Ratification. Where one, without authority, assumes to make a contract for another as principal, the principal will be presumed to have ratified the same if he does not, within a reasonable time after all the essential facts in regard thereto have come to his knowledge, disavow the transaction.

2. ——— Disaffirmance—Reasonable Time. Whether the principal has disavowed such contract within a reasonable time is a question of fact for the jury, under all the circumstances of the case and under proper instructions.

Error from Cloud district court; WILLIAM T. DILLON, judge. Opinion filed June 6, 1908. Reversed.

STATEMENT.

THIS action was commenced by the defendants in error against the plaintiff in error in the district court of Cloud county. The petition set forth a written con-

tract, which the plaintiffs alleged was entered into between them and defendant's agent, for the purchase of a bill of jewelry. There was no allegation in the petition of the authority of the agent to make the contract or to act as agent for the defendant. In a verified answer the defendant, for a first defense, expressly denied the authority of any person to make the contract for him, and, for a second defense, detailed facts to show that the plaintiffs procured the execution of the paper by Hibbard, whose name is signed to the contract, by fraud. The plaintiffs replied by a general denial. On a trial to a jury evidence was introduced on the part of the plaintiffs tending to show that the defendant had expressly authorized Hibbard to deal with their traveling salesman in reference to the purchase of the jewelry, and that Hibbard had executed the written contract after reading the same; that the goods had promptly been shipped to and received by the defendant; that the plaintiffs had, at various times, from January 20, 1905, to the following April 20, written several letters asking information as to whether the goods were received and urging written acceptance thereof; and that the defendant made no reply to these letters until April 18, 1905. The letter of the defendant, address and signature being omitted, reads as follows:

"In regard to the bill of goods shipped to me some time ago, there seems to be some misunderstanding about it. In the first place, your salesman contracted with my clerk, stating that he would be here or call on him within sixty days from the time he was here, and if anything was not right he would then rectify it. He also stated that there would not be any acceptances to sign, making notes of them, etc., and you are continually demanding acceptances, etc. I have been waiting for your salesman to return so as to make satisfactory settlement of the matter. Now, if you will send your salesman here, as he agreed to do, I will try and make a satisfactory settlement with him. Your goods are not on sale, but are here, waiting for your salesman or at your demand."

The defendant, testifying in his own behalf, said in substance that on the day the writing was made the plaintiffs' salesman came into his store and told in a general way his business, and asked if he was the proprietor; that defendant told him that he was but that he was compelled to go away immediately and did not have time to bother with him, and that the defendant went out, leaving the salesman talking with the clerk, Hibbard; that Hibbard had no general authority, and had no authority in reference to the matter in question; that his sole duties were to sell goods and repair watches and other jewelry; that on defendant's return to the store the salesman was gone, and Hibbard informed defendant that he had arranged with the salesman to send some jewelry to be sold on commission and to account for the sales at stated times, when the salesman would be there to take account of stock; that the goods were to be placed there for a year, and the plaintiffs were to take back all goods not sold in that time. The defendant also said that the goods arrived the latter part of January, and a day or two afterward he saw a copy of the contract. It does not appear whether he read the contract at that time or not. From the following question and answer it would appear that he learned the contents of it from the plaintiffs' letters.

"Ques. When you learned from the plaintiffs that the agreement or contract was otherwise than you had been informed by your clerk, what did you do with the goods? Ans. Placed the cover on the goods and wrote them that the goods were there subject to their order."

It appears that the letter of April 18 was the only one he wrote them. There is some other evidence in regard to the plaintiffs' sending a bond to the bank where defendant did his banking business, the bond being to insure the performance of the contract on the part of the defendant, but we regard this evidence as immaterial. At the close of the evidence, on the request of the plaintiffs, the court instructed the jury to return a verdict in favor of the plaintiffs for the

full amount claimed, which was done. The defendant filed his motion for a new trial, which was denied, and judgment was rendered in favor of the plaintiffs in accordance with the verdict. The defendant brings the case here.

*A. L. Wilmoth,* and *F. W. Sturges,* for plaintiff in error.

*Park B. Pulsifer,* and *Charles L. Hunt,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: The defendants in error filed a motion to dismiss on the ground that more than ten days elapsed from the time the court instructed the jury to return a verdict until the allowance of the order extending the time to make and serve a case-made. It is said that a request for an instructed verdict, like a demurrer to evidence, presents a question of law only, and hence no motion for a new trial is necessary, and, if one be made, it can not extend the time within which the court or judge may grant an order extending the time to make and serve a case-made. However logical the argument may be, it ignores the express provision of the statute. (Civ. Code, § 306; *Darling v. Railway Co.,* 76 Kan. 893, 94 Pac. 202.) The motion is denied.

Two errors are assigned as cause for reversal, but there is practically but one question presented, viz., the instruction to return a verdict for the plaintiffs and the denial of the motion for a new trial on this ground.

The evidence as to the authority of the agent to make the alleged contract is the only issue presented by the pleadings upon which evidence was offered. As to this issue the evidence was conflicting, and an instructed verdict thereon was unwarranted. The second defense—that the writing, called a contract, was obtained by fraud—was not supported by any evidence,

and hence as to this defense the instruction was proper.

Although no facts were pleaded in the petition or reply to justify so doing, the plaintiffs introduced evidence tending to show that the defendant was estopped from denying the authority of the agent or the validity of the contract. To the introduction of this evidence no objection appears to have been offered. Under the authority of *McCreary v. Parsons, Executrix,* 31 Kan. 447, 2 Pac. 570, and *Fiedler v. Motz,* 42 Kan. 519, 22 Pac. 561, the issues will be considered as enlarged by consent of parties, and the objection, made for the first time in the motion for a new trial, as too late.

On the other hand, the writing sued on does not, on its face, purport to have been signed by Hibbard, as agent for the defendant, but appears to have been signed by both the defendant and Hibbard, as parties. Hibbard is not named in the petition as defendant's agent, nor was he mentioned in any of the letters from plaintiffs to defendant, except in their reply to defendant's letter, in which he told them there was a misunderstanding about the matter, giving the reasons for his delay in answering their letters, and informing them that he held the goods subject to their order. There is no evidence that the defendant sold or offered to sell any of the goods or in any way treated them as his own.

It is trite law that where one, without authority, assumes to act as the agent of another in making a contract, the principal must repudiate the transaction within a reasonable time after all the material facts in regard thereto have come to his knowledge or he will be presumed to have ratified the contract. It is also a well-recognized rule that the question as to what constitutes such reasonable time under the particular circumstances, and under proper instructions, is one of fact for the jury, and not of law for the court. (2 Kent's Com. *616; 1 A. & E. Encycl. of La. 1203.) Had Hibbard correctly reported the transaction to his em-

ployer a jury might well hold the defendant to greater promptness than if they believed he did not do so. The testimony of the defendant as to when he discovered, as he claims, that the transaction was not as reported to him by Hibbard does not seem entirely consistent. He says he saw the contract when the box of goods was opened, about the last of January, but does not say whether he read it. Again he says he wrote the letter to plaintiffs, dated April 18, when he learned the contract was different than his clerk reported it—not just as soon as he learned of it. The weight of this evidence and what it proves is for the jury, not the court, to determine.

We can not agree with counsel for plaintiffs that the letter of April 18, in view of all the circumstances of the case, ratified either the agency of Hibbard or the contract. The case should have been submitted to the jury, under proper instructions.

The judgment is reversed and the case remanded, with instructions to grant a new trial.