THE OWENSBORO WAGON COMPANY V. D. A. WILSON & Co., *a Partnership, etc.*

No. 15,869.   (101 Pac. 4.)

SYLLABUS BY THE COURT.

1. WRITTEN CONTRACT—*Parole Evidence—Set-off.* The rule forbidding the admission of an oral agreement varying the terms of a written contract is not violated by permitting the defendant in an action upon a promissory note to prove as a set-off an amount which is due from the plaintiff upon an oral contract made at the time the note was given, and which formed a part of its consideration.

2. STATUTE OF FRAUDS—*Promise to Answer for Debt of Another.* Whether the promise of one who expressly assumes liability for a debt for which another is already bound is original or collateral is ordinarily a question of fact, to be determined in the light of all the surrounding circumstances.

3. AGENCY—*Authority—Ratification.* Although the plaintiff in an action upon a note learns for the first time at the trial of the case that the defendant claims a special contract was made in his behalf by the agent who procured the note, which formed a part of its consideration, if upon acquiring such information he continues to assert his rights upon the note he can not defeat the effect of such contract, if it is shown to have been made, by denying that his agent had authority to bind him thereby.

4. NEW TRIAL—*Surprise.* One who submits a case tried without a jury, without asking opportunity to procure further testimony, is not in a position to ask as a matter of right a new trial on the ground that he was surprised by the evidence of the adverse party.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed March 6, 1909. Affirmed.

*E. L. Foulke,* and *C. A. Matson,* for plaintiff in error.

*Earl Blake, W. A. Ayres,* and *Walter A. Blake,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: Guy Cooper entered into a written agreement with D. A. Wilson & Co. providing for their acting as his exclusive selling agents within a certain territory for buggies and wagons manufactured by the Owensboro Wagon Company and vehicles made by another factory. On the same day H. I. Kennedy negotiated a contract between Wilson & Co. and the Owensboro Wagon Company, which that company afterward accepted, fixing terms for the purchase of its vehicles. After considerable business had been done under these contracts Kennedy visited Wilson & Co. to arrange a settlement with them in behalf of the Owensboro Wagon Company. A settlement was agreed upon showing a balance owing, for which Wilson & Co. gave their note, due in six months, Kennedy signing a memorandum, which the company afterward approved, giving the figures on which the settlement was based and con-

taining a provision with regard to a commission then due under the Cooper contract.

The Owensboro Wagon Company sued Wilson & Co. on the note referred to, and a partial defense was made on the ground that the defendants were entitled to a set-off on account of certain commissions earned under their contract made with Cooper; that these were a charge against the wagon company, first, because Cooper in making the contract with Wilson & Co. was acting for it, and, second, because at the time of the settlement referred to Kennedy had orally arranged for the payment by the company of these commissions, which had not at that time been fully earned, and that the note was executed on that understanding. A judgment was rendered for the amount of the note, less the credit claimed. The plaintiff prosecutes error, and the question presented is whether there was any competent evidence to justify the allowance of the credit.

In support of their contention that the contract made in the name of Cooper was really that of the company the defendants maintain that its letters showed a recognition of that fact. We find in the correspondence, however, nothing inconsistent with the idea that the contract was really just what it appeared to be.

The serious question is whether the oral agreement of Kennedy was competent to establish the claim of the defendants. Three objections are made to it: (1) That if given effect it varied the terms of a written contract; (2) that it was the promise to pay the debt of another, and under the statute of frauds was unenforceable because not in writing; and (3) that there was no evidence that Kennedy was authorized by the plaintiff to make it.

The evidence that when the note was given the company agreed that in part consideration thereof it would pay some commissions that were to accrue in the future under the Cooper contract had no tendency to vary the terms of the note. The defendants do not in any way

deny their obligation to do exactly what they contracted by that instrument to do—that, is, to pay a stated sum of money at a certain time. They ask a credit of the amount of the commissions they claim, not as a deduction from the note, but as a set-off—an amount now matured and owing to them under an agreement different from that contained in the note, although made at the same time, which they are entitled to have considered in this action, not because of any agreement that they might do so, but because the statute authorizes a defendant sued upon contract to use any contractual obligation of the plaintiff as a defense. (Civ. Code, § 98.)

Nor did the oral agreement vary the terms of any written contract other than the note. The memorandum of settlement merely purported to show the balance agreed upon. It did not undertake to state the consideration which induced such agreement, nor did it profess to exhibit the entire transaction between the parties. While reference was made therein to a claim for a commission, it was not to one of the commissions here involved, nor to one of the same character. It differed from them in this, that it was due at the time, while the others were then only partly earned. Other differences are also suggested by the evidence. In the memorandum that was made the wagon company agreed to do no more with respect to the commissions already earned than to endeavor to persuade Cooper to pay them. If it in fact agreed to stand good for the future commissions a statement to that effect would naturally but not necessarily have been included in the memorandum. The absence therefrom of any reference to such an agreement was a matter for the consideration of the trial court in weighing the evidence, but is not a ground on which this court could set aside the conclusion reached. The promise alleged to have been made by Kennedy was not in conflict with anything contained in the memorandum.

The oral agreement was not rendered unavailing by the statute of frauds, because the evidence justified a finding, and the court must be deemed to have found, that what the plaintiff promised was not that it would pay the commissions if Cooper did not, but that it would pay them at all events. The evidence on this subject is not very explicit, but the fact that Wilson & Co. claimed that the debt was really that of the wagon company is a circumstance tending to show that an original and not a collateral obligation was assumed. The question is one to be determined, not by the precise form of words used, but by all the facts of the case.

"It is often difficult to determine from the mere words in which a promise is made whether an undertaking is collateral to the engagement or liability of a third person or an entirely independent and original undertaking. In such cases courts must rely on the circumstances of each particular case and its general features in order to ascertain the intent of the parties, and how they viewed it when it is doubtful whether it was a contract of suretyship or guaranty or an original undertaking." (20 Cyc. 164.)

(See, also, 29 A. & E. Encycl. of L. 906.)

There was no competent evidence that Kennedy was authorized to make the agreement referred to in behalf of the company. The defendants maintain that the plaintiff ratified the agreement by retaining the note. But no showing was made that the plaintiff ever knew of the agreement prior to the trial of the case. Nevertheless it can not now avail itself of the want of authority on the part of Kennedy. The action was begun in a city court having the same procedure as a justice of the peace, and the defendants filed there no pleading which asserted the making of any promise by Kennedy. But when at the trial in the district court on appeal they asserted that the note sued on was given in consideration of a promise made by Kennedy that the commissions in dispute should be paid, it was incumbent on the plaintiff either to abandon its claim so far as it

was based upon the note and rely upon proving the account which was merged therein or else take the chances of being able to disprove that the note was given in pursuance of the agreement alleged. In continuing to rely on the note after being advised of the defendants' claim the plaintiff must be deemed to have elected to pursue the latter course, and thereby to have waived the question of the agent's authority if in fact the note should be shown to have been the fruit of such agreement.

The plaintiff contends further that it should have been awarded a new trial because it was taken by surprise by the claim of the defendants, made for the first time in the district court, that Kennedy had made the agreement referred to. The case was heard by the court without a jury, and any reasonable request for a continuance or for time to produce testimony would doubtless have been given favorable consideration. As no application of the kind was made the plaintiff, having voluntarily submitted the case for judgment on the evidence then at hand, is not entitled as a matter of right to be given a new trial in order that it may produce additional testimony.

The judgment is affirmed.