No. 18,585.

FRED RONIGER, *Appellee,* v. WILLIAM McINTOSH, *Appellant.*

SYLLABUS BY THE COURT.

SETTLEMENT OF DEBT—*Must be Pleaded—Not Available as a Defense under General Denial.* Settlement of a debt is the same as payment, and where it is relied upon as a defense it must be properly pleaded. Proof of settlement is not admissible under a general denial.

Appeal from Chase district court; FREDERICK A. MECKEL, judge. Opinion filed January 10, 1914. Reversed.

*Dennis Madden,* and *Theodore Richardson,* both of Emporia, for the appellant.

*Dudley Doolittle,* and *Walter Gresham,* both of Cottonwood Falls, for the appellee.

Roniger v. McIntosh.

The opinion of the court was delivered by

PORTER, J.: In an action for libel the plaintiff was awarded damages in the sum of $1230.33. From the judgment defendant appeals. The action was based upon a letter written by defendant which referred to plaintiff as follows:

"ELMDALE, KANSAS, April 5, 1912.

"*Mr. Randolph.*

"DEAR SIR: As I have never met you, you may think I am impolite in writing to you; but, as you know, Fred Roniger lived in my house, and raised life stock; came here and represented himself to a farmer and all-'round stock man, but I found him no good for anything, only torturing stock. He could not do anything like a farmer. Could not plow a row of corn, if he got ten dollars for it. But I found he could steal a good lick. I wrote him yesterday, but I am of the opinion that he will not answer. If so, I will send for him. I am in awful poor health, and not in shape to be annoyed by thieves. . . .

WILLIAM McINTOSH."

The defendant filed a plea of justification alleging that the matters stated in the letter were true. In a cross-petition he set up a claim of damages arising out of the alleged failure of the plaintiff to cultivate the land in a good farmer-like manner in compliance with the terms of the lease, and a further claim for the value of corn and other personal property belonging to him, which he alleged the plaintiff had carried away from the farm at the expiration of the lease. The reply to the answer and cross-petition was a general denial.

The person to whom the letter was addressed was a stranger to the writer, and seems to have been a friend and acquaintance of the plaintiff. There were so many obviously extravagant statements in the letter that, taken as a whole, it carried its own antidote for the poison in the libelous statements concerning the plaintiff. Mr. Randolph testified that he knew the

24—91 KAN.

plaintiff enjoyed a reputation as an honest man, and that after studying the letter over he considered the source from which it came; and it is clear from his testimony that his confidence in the honesty and integrity of the plaintiff was not affected by the letter. There was no attempt to prove any actual damages sustained by the plaintiff. This was not necessary, because the letter contained statements that were libelous *per se,* and the court rightly instructed the jury that the amount of the plaintiff's recovery should be left to their good sense and fair judgment. (*Miles v. Harrington,* 8 Kan. 425; *Walker v. Wickens,* 49 Kan. 42, 30 Pac. 181.)

We are not prepared to say that the amount is so excessive as to warrant the inference that it resulted from prejudice or passion of the jury. But it is sufficient of itself to justify a quite careful scrutiny of defendant's claims of error in the course of the trial.

It appears that when the case was called for trial plaintiff's attorney asked leave to amend the reply to show a settlement of the matters pleaded by way of set-off as evidenced by a check given by the plaintiff to the defendant, bearing upon its face the words, "final settlement." The defendant objected to the amendment unless the case was continued over the term for the reason that he was not prepared at that time to try the issue of settlement. The court thereupon refused to allow the amendment to be made and the case proceeded to trial.

The defendant admitted writing the letter, and the court held that he had the burden of proof. Upon cross-examination of defendant, plaintiff's attorney asked him whether he had made a final settlement with the plaintiff. An objection was sustained to the question because it was not within the issues. When the plaintiff came to offer his testimony in rebuttal he was asked by his counsel if he had ever talked with defendant about a settlement of their matters. The de-

fendant objected.  The court at this time appears to have changed its ruling upon the admissibility of evidence showing a settlement and overruled the objection.  Plaintiff was permitted over the defendant's objections to testify to a settlement with defendant and to introduce in evidence a bank check for $4.50, drawn by himself to the order of the defendant, marked "Final Settlement."  The check was dated February 29, 1912, which was the expiration of his lease, and it was endorsed by the defendant and stamped as paid. There is some contention by the plaintiff that the check was not offered for the purpose of showing a settlement but merely for the purpose of showing that some of the items in the defendant's counterclaim or set-off were not in existence.  The court, however, instructed the jury as follows:

"A check has been introduced in evidence upon which appear the words, 'Final Settlement'; as to this, the jury is instructed that if they believe from the evidence that said check was given by the plaintiff and accepted by the defendant as a final settlement of all the matters between them at the time said check was given, then the defendant can not recover for any items that were in existence at the time of such settlement; the question of whether there was or was not a settlement between the plaintiff and defendant at said time is entirely a question of fact, to be determined by the jury from all the evidence in the case.  The burden of proof is on the plaintiff to prove that said check was a final settlement between the parties when it was given."

We think the court was right in its first ruling that a settlement of the matters could only be shown provided it was properly pleaded.  Bouvier defines "settlement" as the same thing as "payment."  (See, also, 7 Words and Phrases, p. 6446.)  It is the general rule that proof of payment can only be made when the issue is presented by proper pleadings, and that it is never admissible under a general denial.  (*Stevens v. Thomp-*

*son,* 5 Kan. 305; *Clark v. Spencer,* 14 Kan. 398, 408; *St. L., Ft. S. & W. Rld. Co. v. Grove,* 39 Kan. 731, 735, 18 Pac. 958; 16 Encyc. Pl. & Pr. 180.)

When his objections were overruled counsel for defendant stated that he was not prepared to meet the issue of payment; that he was taken by surprise at the change in the ruling, and requested a postponement, with a statement that if the case were continued, he could produce evidence to disprove a settlement. The request was denied.

Manifestly it was error to admit evidence of a settlement and to submit to the jury a material issue not presented by the pleadings.

It follows that the judgment must be reversed and a new trial ordered.