No. 22,515.

A. ISAACS, and N. J. ISAACS, *Apellees,* v. JACKSON MOTOR COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. AGENCY—*Sale of Machinery—Authority of One Assuming to Act as Agent—Finding.* In a controversy herein as to whether or not one who made a sale of machinery was the agent of the defendant, and as to whether the defendant was bound by his agreements and action, it is held that the evidence is sufficient to uphold a finding of agency.

2. SAME—*Contract Made by One Assuming to Act as Agent—Ratification by Principal.* The company, upon learning that a person had assumed to act as its agent and had made a contract in its name, should have promptly disavowed the assumption of authority and repudiated the transaction, and as it failed to do so it is presumed to have affirmed and ratified the contract.

3. SAME—The company, having knowledge of the transaction and having accepted and retained the fruits of the contract made in its behalf, is deemed to have ratified the contract made, and is estopped to deny the agency.

4. WARRANTY—*Sale of Machinery with Warranty—Breach of Warranty—Measure of Damages.* The machinery purchased being defective and not in compliance with the warranty given, the plaintiffs were entitled to recover as damages the difference between the value of the machinery as warranted and its value as delivered, and also for the reasonable and necessary repairs made by the plaintiffs in a *bona fide* endeavor to make it work.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed December 11, 1920. Affirmed.

*J. N. Haymaker, A. V. Roberts, R. E. Angle,* all of Wichita, and *Hyden J. Eaton,* of Kansas City, Mo., for the appellant.

*R. L. Holmes, Charles G. Yankey, W. E. Holmes,* and *D. W. Eaton,* all of Wichita, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by A. Isaacs and N. J. Isaacs against the Jackson Motor Company to recover damages for a breach of a warranty made in the sale of a gaso-

line engine. The judgment was in favor of the plaintiffs and from it defendant appeals.

The principal controversy in the case relates to the agency of M. A. Shaklee who conducted the negotiations with plaintiffs, as well as to the recognition of such agency by the defendant. The contract of sale was made in the name of the defendant, and the machine was warranted to be in good running condition, and, further, the defendant agreed to provide a man for six days, free of charge, to start the machine. That the machine was defective and not up to the warranty is not open to controversy. The contention is that Shaklee was without authority to bind the defendant by the representations or contracts made by him. There was no direct evidence of his appointment or of the scope of his authority. It was shown that he made the sale as the agent of the defendant and that he was carrying and using the letterheads and stationery of the defendant. Two notes were given by plaintiffs for the machine, and they were made "to the order of the Jackson Motor Company," and a few days afterwards these notes were transferred to a bank, and the draft given in payment for them and for another obligation was made to the order of the defendant. This draft was sent to and received by the defendant, and the proceeds of it were used in its business. It appears that the plaintiffs learned after a number of tests that the machine did not comply with the warranty, and then they wrote a letter to the defendant calling attention to the sale of the machine by it through its agent, Shaklee, and to the defects in the machine. They inclosed a copy of the contract and demanded fulfillment of its conditions, and to this defendant replied referring them to its agent, Shaklee, for an adjustment. There is a contention that some of the facts related were not well established, but we think the evidence is sufficient to support the contentions of the plaintiffs and the findings of the jury on these phases of the case. The principal reliance of plaintiffs was on testimony tending to show a recognition of the agency by the defendant after the sale and also tending to show a ratification of the agency. On this point the court rightly instructed the jury:

"If you find that after the signing of the alleged contract of warranty by the Jackson Motor Company by M. A. Shaklee, agent, the

plaintiffs inclosed a copy of said contract in a letter to the Jackson Motor Company, addressed to that company at Wichita, Kansas, and that said letter and contract were received by that company, and that the letter of the plaintiffs to the said company informed them of the nature of the transactions, and if you find that the Jackson Motor Company replied to said letter and referred the plaintiffs to M. A. Shaklee as their agent, then you are instructed that the Jackson Motor Company thereby ratified the act of M. A. Shaklee in signing said contract as their agent."

There was testimony tending to show that plaintiffs informed the defendant by letter of the sale and of noncompliance with the warranty, and that letter appears to have been received by the defendant; but instead of denying the agency and its liability for his acts, it referred them to Shaklee as its agent. This action was in effect an acknowledgment of the agency and a ratification of the acts of the agent. If defendant intended to deny agency or repudiate his acts because he had exceeded the authority conferred on him, that was the time for it to act. In *Hartwell v. Manufacturing Co.,* 78 Kan. 259, 97 Pac. 432, it was said:

"It is trite law that where one, without authority, assumes to act as the agent of another in making a contract the principal must repudiate the transaction within a reasonable time after all the material facts in regard thereto have come to his knowledge or he will be presumed to have ratified the contract." (p. 263.)

There was the additional circumstance that the proceeds of the notes given by plaintiffs for the machine were remitted to and received by the defendant, and still there was no repudiation of the agency. Neither was there any return of the benefits derived by the defendant from the transaction. When the issues were joined and depositions taken, all tending to prove the nature of the transaction, the assumption of authority by its agent, and that the fruits of the transaction were in its possession, it then had information which required action consistent with its contention, but with all of this information it made no restitution or offer of restitution of the money which it had received through the sale of the machine. Even if defendant had not known of the assumption of authority by Shaklee before that time, it then acquired information not only that the sale had been made in its name, but that the benefits of the sale were in its possession, and since it did not then offer to restore, it was not in a position to deny that its agent had the authority exercised by him. (*Wagon Co. v. Wilson,* 79 Kan. 633, 101 Pac. 4.)

Complaint is made as to the measure of damages applied and also that the evidence is insufficient to sustain the award of the jury. It appears that the plaintiffs made a *bona fide* effort to repair the machine and put it in working condition, but their efforts and expenditures in that respect were unavailing. Under the circumstances the plaintiffs had a right to make such repairs as seemed to be reasonably necessary to put the machine in good running order and to charge the cost of such repairs to the defendant, and the jury were so instructed. In effect they were told that if the machine was not in good running order when delivered, and plaintiffs in good faith made reasonable and necessary repairs to put it in condition, and if after the repairs the machine was still out of condition, the measure of damages would be the difference between the fair market value of the machine in the condition in which it was when delivered and its value at that time if it had been in the condition warranted, and that to this they might add the reasonable value of the reasonable and necessary repairs. The jury were further advised that if the machine was improved by the repairs but was still not up to the warranted condition, the measure of damages would be the difference between the value of the machine as repaired and its value if it had been in good running condition when it was delivered, plus the reasonable value of the repairs made in an attempt to put it in that condition. The instructions were not open to the interpretation that plaintiffs might continue to repair and charge the expense of the repairs and the upkeep of the machine to the defendant for a long period of time. We see no ground to complain of the instructions as to the measure of damages, nor as to the items included in the award of the jury. From the findings it appears that the machine as delivered was worth $245 and that if it had been up to the warranty it would have been worth $745. This difference, together with the cost of reasonable and necessary repairs and the damage resulting from the failure to provide a man to start the machine for six days, together with the interest which accrued on the damages sustained until the trial, is enough to equal the amount of the verdict. The objections to the special findings are not deemed to be so material as to affect the verdict.

Finding no error in the record, the judgment is affirmed.