No. 23,176.

ADVANCE-RUMELY THRESHER COMPANY, *Appellant*, v. L. ZIMMERMAN, *Appellee*.

SYLLABUS BY THE COURT.

1. SALE—*Threshing Outfit—Notes—Authority of Agent to Make Compromise and Settlement—No Timely Disavowal of Agent's Authority.* Questions touching the scope of an agent's authority to make a compromise and settlement of matters and claims between his principal and a debtor become immaterial when it appears that during fifteen months after the principal was advised of the compromise and settlement the latter did not disavow the acts of the agent and did retain the benefits secured thereby.

2. SAME—*Compromise and Settlement by Agent—Ratification by Principal.* When an agent whose only authority is to collect a debt due his principal makes a compromise and settlement thereof without the

knowledge of his principal, and later the debt becomes the subject of a lawsuit between the principal and the debtor, and the debtor pleads the facts of the compromise and settlement, the principal must then take notice thereof, and, if such settlement was made, he must promptly disavow the unauthorized act of his agent and must tender or surrender to 'the debtor the benefits and advantages which he received thereby; and his failure to do so is equivalent to adoption and ratification of the compromise and settlement made by the agent.

3. SAME—*Consideration for Compromise and Settlement.* Under the facts recited in the opinion there was a sufficient consideration to support the compromise agreement made between the agent of the principal and the defendant debtor.

Appeal from Barton district court; DANIEL A. BANTA, judge. Opinion filed May 7, 1921. Affirmed.

*C. E. Freeman,* of Topeka, for the appellant.

*Elrick C. Cole, William Osmond,* and *T. B. Kelley,* all of Great Bend, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action on some promissory notes. The defense was a plea of settlement of matters in dispute between the parties and payment pursuant to such settlement.

It appears that in 1911 the defendant and his father and brother contracted with the Advance-Rumely Thresher Company to buy a second-hand engine and new threshing machine. They gave promissory notes in payment therefor. The threshing machine delivered was an old one rebuilt and repainted and it was not satisfactory. In 1912 the vendor's business was taken over by the Rumely Products Company, and the vendor's sales agent remained with the new company; and this agent made a new contract with defendant, in which it was agreed that a new engine should be supplied to the defendant and likewise a new separator. Additional notes were given for these by defendant. A new engine was supplied but it was defective. The promised new separator was not delivered. Certain payments were made on the notes. In 1914, demand for further payments on the notes was refused until the engine should be repaired and a new threshing machine supplied. The defendant and his father and brother had given chattel mortgages on the property, in which it was provided that if default

was made in the payment of the notes, or if the mortgagee should deem itself insecure, the mortgagee or its successors, assigns or authorized agents could take possession of the property and sell it upon ten days' notice. While the collector for the Rumely Products Company, in the winter of 1914-1915, was pressing the defendants for payment of the notes, he was informed that no further payments would be made until the defects in the engine were corrected and a new separator supplied; and the collector and defendant's brother John, who was a comaker of the notes and chattel mortgages, made an agreement to settle all matters between the parties. The agreement was that the property would be surrendered and $400 cash would be paid by defendant, and that the notes would be returned to the makers. Until that agreement was made, the defendant and his comakers of the notes and mortgages had declined to turn over the property. About the time of these negotiations, the Rumely Products Company was subjected to a receivership, but the collector was continued in the service of the receiver, and he caused the chattel mortgage to be foreclosed and the property sold. This occurred on January 25, 1915, but owing to the character of the property no physical change in its situs was made by virtue of any exercise of the mortgagee's right of possession. The collector sold the property where it had stood for some time, some three or four miles southeast of the town of Alexander. Pursuant to the agreement of the collector and John Zimmerman, if such agreement was made, the plaintiff which acquired the notes from the receiver of the Rumely Products Company received the agreed sum, $400, on February 23, 1915, from defendant, but did not return the notes. On the contrary, the matter remained in abeyance until August, 1918, when this action was begun to collect on the balances alleged to be still due on the notes, the plaintiff giving credit for all payments thereon including the payment of $400 made in February, 1915.

The cause was tried by the court, a jury being waived; and judgment was entered for defendants.

The principal errors assigned chiefly relate to the question of the collector's authority to make a binding settlement of all matters in controversy between the parties, but if the points

sought to be made by plaintiff should be conceded, yet they cannot avail to disturb the result. Defendant's answer setting up the compromise and settlement with the collector and the payment of $400 pursuant thereto was filed on November 30, 1918. If the collector had no authority to make such a settlement and if theretofore the plaintiff and its assignors of the notes had no notice of the compromise and settlement, the facts pleaded in the answer fully apprised them thereof. The action was not tried until March 6, 1920, some fifteen months after plaintiff was informed of the collector's unauthorized conduct. But during those fifteen months plaintiff did not disavow the action of the collector, did not tender back the $400 and did not signify its willingness to adjust or settle the matters which had caused the makers of the notes to resist further payments on them—the required repairing of the engine and the furnishing of a new separator. By reason of this agreement also, and not otherwise, the makers of the notes waived their disputed right to the possession of the property. The plaintiff could not ignore the compromise agreement and settlement and retain its benefits. (*Hartwell v. Manufacturing Co.,* 78 Kan. 259, 97 Pac. 432; *Wagon Co. v. Wilson,* 79 Kan. 633, 101 Pac. 4; *Isaacs v. Motor Co.,* 108 Kan. 17, 19, 193 Pac. 1081.)

On being advised by the defendant's answer, the plaintiff principal was bound to disavow the act of the collector and to restore the benefits received. Since this was not done, the plaintiff must be held to have adopted and ratified the compromise and settlement made by the collector. (2 C. J. 467, 468, 493, 496, 509.) There was no lack of evidence to prove the alleged agreement, and the fact that the $400 was not paid until some time after the collector took possession of the property and had sold it under the formality of a chattel-mortgage sale is just a jury argument and no more.

Plaintiff's contention that the agreement was without consideration cannot be entertained. The defendant and his comakers had at least a partial defense to the notes as against the payees and those who acquired them with notice. The threshing equipment given for the notes was not satisfactory. The makers were promised a new threshing machine; they only got a renewed one. They gave additional notes upon the payee's reiterated promise of a new separator and a new en-

gine. The new engine did not work well. Repairs for it were promised but never furnished, and the promised new separator was never furnished. These considerations were abundantly sufficient to validate the compromise between the makers and the payees and likewise those in privity with the payees. There does not seem to be any contention in this case that the plaintiff who acquired the notes after maturity took them from some prior holder in due course and freed of defenses.

Nothing further can be discerned in this case which requires discussion; the record contains no error; and the judgment is affirmed.