No. 34,258

KARL FLITCH, *Appellee*, v. (E. E. BOYLE and L. S. BOYLE, *Defendants*), C. A. NOLL, Receiver of the UNION FINANCE CORPORATION, Intervenor, *Appellant*.

(89 P. 2d 909)

Opinion filed May 6, 1939.

*Robert R. Hasty* and *D. W. Eaton*, both of Wichita, for the appellant.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris, John F. Eberhardt, Joe T. Rogers*, all of Wichita, *Clayton S. Flood* and *E. C. Flood*, both of Ellis, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This action was brought for the purpose of deter-

mining plaintiff's interest in certain oil and gas leases and royalty interests. Judgment went for plaintiff and against two defendants, E. E. Boyle and L. S. Boyle, and against the intervenor, the receiver of the Union Finance Corporation. The intervenor has appealed.

The original case was before us a year ago on the question of whether a demurrer of the defendant, L. S. Boyle, to the petition of the plaintiff had been properly sustained. (*Flitch v. Boyle*, 147 Kan. 600, 78 P. 2d 9.) The intervenor's rights were not involved in the former appeal. His rights and contentions will be referred to presently. Before considering his claims it will be well to first obtain an understanding of the relationship which existed between the plaintiff and the defendants, E. E. Boyle and L. S. Boyle. The pertinent facts concerning that relationship and the grounds for the demurrer were stated in our previous opinion, as follows:

"Plaintiff's petition alleged that in 1928 plaintiff and one E. E. Boyle agreed to embark on a joint adventure whose purpose was to procure oil and gas leases and royalty interests in Ellis and other western Kansas counties and to hold and later dispose of them at a profit to their mutual advantage. Plaintiff's contribution to this joint adventure was to be that of locating and procuring such oil and gas interests, and Boyle's contribution was to be that of advancing the requisite funds to pay for them. Boyle was to take title in his own name, and when any property so acquired should be sold at a profit Boyle was to be recouped for his cash outlay and the net profit divided between them.

"On November 17, 1928, pursuant to this agreement, plaintiff found a 200-acre tract of land in Ellis county on which one Scanlon held both the lease and royalty rights. Scanlon was willing to sell one-fourth of the royalty interest for $1,000, and also to sell the lease itself for $160. Plaintiff submitted Scanlon's offer to Boyle, and a contract for the acquisition of these interests was closed, and Boyle furnished the money according to the oral arrangement between him and plaintiff. Scanlon executed a conveyance of the royalty interest on November 17, 1928, to Boyle, and the same was recorded on December 3, 1928. The petition further alleged that some two months later, on January 24, 1929, Boyle executed to his brother, L. S. Boyle, defendant herein, a deed conveying to him the royalty interest which had been acquired by the joint adventurers as set out above.

"The petition continued:

" 'Eighth: That the conveyance as aforesaid from the defendant, E. E. Boyle, to his codefendant, L. S. Boyle, was made without any consideration whatsoever, was purely for the purpose of convenience, was not intended to convey anything except the naked legal title to said property to the said defendant, L. S. Boyle, and the said defendant, E. E. Boyle, so advised the plaintiff herein.

" 'That the defendant, L. S. Boyle, received title to said royalty above de-

scribed as trustee for his brother, E. E. Boyle, well knowing and intending to hold as trustee only, and well knowing that the plaintiff herein had an interest in any profits which might be realized from the same, as more particularly set out in the oral contract above set forth, and that he received said conveyance and has held title to the same since the date of receipt thereof, as trustee for the codefendant, E. E. Boyle, as above set out.'

"The petition further alleged that oil and gas development in Ellis county has progressed since the acquisition of the aforesaid royalty interest; that it has eventually become of value far in excess of the purchase price; that plaintiff is entitled to half the profits thereof; but that defendant has refused to sell or authorize its sale and has refused to account to plaintiff for his share thereof.

"Plaintiff prayed for an adjudication of his interest, and for judgment that defendant holds the legal title for his benefit and that of E. E. Boyle; that the joint adventure between plaintiff and E. E. Boyle be dissolved; and that the property be sold and the net profits be divided as agreed between plaintiff and E. E. Boyle. Plaintiff also prayed for whatever other equitable relief may be appropriate under the allegations of his petition.

"Against plaintiff's petition, summarized as above, defendant L. S. Boyle lodged a demurrer on two grounds—*first,* that it failed to state facts sufficient to entitle plaintiff to relief against him; and *second,* that the cause of action was barred by the statute of limitations." (p. 600.)

In sustaining the sufficiency of the petition, this court held:

"Where two joint adventurers acquired a royalty interest in an oil and gas property, the title to which was taken by agreement in the name of one of them, and the title holder, for his own convenience and without consideration, transferred the title to his brother, defendant herein, who was fully apprised of the interest of the plaintiff, plaintiff's petition alleging the facts summarized as above stated a cause of action against the defendant title holder for an adjudication of his interest in the property and of his right to an accounting thereof which could not be met by a demurrer thereto." (Syl. ¶ 1.)

"The statute of limitations does not begin to run against an action for breach of trust until the trust is repudiated, nor even then unless and until the beneficiary had notice or knowledge of facts which would or should apprise him of such breach." (Syl. ¶ 3.)

"One who acquires title to property with knowledge of a third party's interest therein takes it subject to such third party's interest, and he can be compelled to account to him therefor." (Syl. ¶ 4.)

What about the contentions of the intervenor? The issues as between plaintiff and intervenor were, first: Did the plaintiff have a contract with E. E. Boyle by which he was entitled to an interest in the profits to be received on this oil and gas royalty interest? And second: Did intervenor have title to the property free from the claims of the plaintiff? The evidence clearly establishes the first issue. Did equity permit the intervenor to acquire full title free

from plaintiff's rights in the property? Plaintiff, as stated, had alleged in his petition a contract only with E. E. Boyle and that L. S. Boyle held the title in trust for him and E. E. Boyle. The evidence disclosed the property was in fact purchased with the funds of the Union Finance Corporation. E. E. Boyle was the president and managing officer of that corporation. The trial court, among other facts, specifically found that plaintiff had no notice or knowledge the purchase price was paid by E. E. Boyle out of the funds of the corporation. Intervenor concedes the correctness of the findings made. The trial court concluded the Union Finance Corporation was the legal and equitable owner of the mineral interest, subject only to the rights of the plaintiff.

Intervenor first contends the judgment cannot be sustained, as plaintiff's petition did not allege the corporation had any title to the property and that plaintiff did not ask leave to amend his petition to conform to the proof after the evidence disclosed the purchase money was that of the corporation. In the instant case plaintiff, and intervenor as well, prayed not only for specific relief but for such general relief as they were entitled to in the premises. No showing whatever is made that intervenor suffered inconvenience or prejudice of any kind or character by reason of the failure of plaintiff to so plead. That plaintiff had fully performed his part of the contract with E. E. Boyle is conceded. That substantial justice was done cannot be doubted. It was done upon the request and in conformity with the general prayer of both plaintiff and intervenor. Under these circumstances courts of equity may decree the appropriate relief. (10 R. C. L., Equity, § 181; *Banner v. Welch,* 115 Kan. 868, 871, 225 Pac. 98; *Asling v. McAllister-Fitzgerald Lumber Co.,* 120 Kan. 455, 461, 244 Pac. 16.)

Intervenor further contends the use of the corporation funds for the purpose employed constituted an *ultra vires* act. Intervenor, however, is seeking by the aid of equity to recover the entire title to the property on the theory of a constructive trust in his favor. He cannot expressly or impliedly ratify the transaction for the purpose of accepting its benefits and at the same time reject and repudiate the burdens thereof. (14a C. J., Corporations, § 1888; 2 C. J., Agency, § 99; 1 Mechem on Agency, 2d ed., p. 301; 2 Fletcher Cyclopedia Corp., Perm. ed., 1931, § 783.) A few Kansas cases to the same effect are: *Aultman v. Knoll,* 71 Kan. 109, 79 Pac. 1074; *Petroleum Co. v. Gas & Fuel Co.,* 112 Kan. 73, 209 Pac. 826; *Guar-*

*antee Title and Trust Co. v. Reinhart,* 130 Kan. 798, 288 Pac. 549. The burden constituted the rights in the property which plaintiff had acquired by virtue of his services. The court, properly protected those rights.

The intervenor further urges he is entitled, under conclusion of law number two as originally made, to have his expenses and attorney's fee in the instant case deducted from the net proceeds before they are disbursed to the plaintiff. Plaintiff promptly objected to that conclusion of law and the trial court promptly and properly corrected the erroneous conclusion, insofar as it was erroneous, and that was done prior to the signing and filing of the journal entry of judgment. The journal entry of judgment provided for deduction of expenses and attorney's fee, if any, incurred in the original acquisition of the properties and expressly excluded any attorney's fee or expenses incurred in the trial of the instant action. The final judgment was proper and the court had authority, on objection to findings or conclusions timely made, to correct them or to make additions thereto. (*Walsh v. Hill,* 121 Kan. 246, 246 Pac. 997.)

The judgment is affirmed.