HOLLIS C. RULE, a minor by and through Albert B. Rule, his father, natural guardian and next friend, *Appellee,* v. WAYNE G. MITCHELL, *Appellant.*

No. 38,786

ALBERT B. RULE, *Appellee,* v. WAYNE G. MITCHELL, *Appellant.*

(252 P. 2d 924)

Opinion filed January 24, 1953.

*J. Logan Shuss,* of Parsons, argued the cause, and *Earl Bohannon,* of Parsons, was with him on the briefs for the appellant.

*Herman W. Smith, Jr.,* of Parsons, argued the cause, and *Elmer W. Columbia,* and *John B. Markham,* also of Parsons, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the trial court striking a portion of appellant's defense from his answers.

These two consolidated appeals arise out of actions brought by appellees (plaintiffs below), against Wayne G. Mitchell, appellant (defendant below), to recover damages resulting from an automobile collision. Two cars were involved, one being owned and driven by Wayne G. Mitchell, appellant, and the other being owned by Albert B. Rule and driven by Hollis C. Rule, his son, appellees. Hereinafter appellees will be referred to as plaintiffs, and appellant as defendant.

In case No. 38,785, Hollis C. Rule, a minor, by his father, natural guardian and next friend, brings an action to recover damages for personal injuries growing out of the automobile collision.

In case No. 38,786, Albert B. Rule brings an action to recover damages to his automobile, growing out of the same collision.

The right of plaintiffs to recover in each case is predicated on certain specific acts of negligence on the part of the defendant. The factual situation and the acts of negligence in each case are the same and will be so treated in this appeal.

Defendant's answer, for all practical purposes, is identical in each case, consisting of a general denial, certain specific denials, allegations of contributory negligence on the part of plaintiffs, and concludes with the following allegation:

"Defendant further alleges that subsequent to the date of said accident A. B. Rule and Hollis C. Rule, by and through their agent, Sheffer, Cunningham & Ashley of Wichita, Kansas, assumed liability for said accident, paid to the defendant, Wayne Mitchell, the sum of $125.00 and said defendant accepted said sum in full settlement of all claims arising from said accident."

Plaintiffs then filed a motion to strike defendant's defense of settlement above set forth. The motion was sustained and this appeal followed.

The sole question presented to this court is whether the trial court erred in striking from defendant's answer the defense set forth above.

At the outset it might be stated that under the circumstances we need not discuss whether the facts and proof will eventually establish the allegations contained in the stricken portion of defendant's answer. The question before this court at this time is one of right under the statute to plead a defense and, if so, is it properly pleaded? This court has always adhered to the rule that a de-

fendant in an action may set forth in his· answer a statement of any new matter constituting a defense, or a right to relief concerning the subject of the action in ordinary and concise language, and may set forth as many grounds of defense, counterclaim, setoff, and for relief as he may have, whether they be such as have heretofore been denominated legal or equitable, or both. (G. S. 1949, 60-710; *State, ex rel., v. Leopold,* 172 Kan. 371, 240 P. 2d 138; 4 Hatcher's Kansas Digest [Rev. Ed.], Pleading, § 103; *Campbell v. Campbell,* 172 Kan. 640, 243 P. 2d 197.)

It will be noted that no question was raised as to the sufficiency of the allegations in the answer by a motion to make more definite and certain. We are therefore governed by G. S. 1949, 60-736, which provides:

"In the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties."

In construing the above statute, this court has repeatedly held that where a demurrer is filed to a pleading or a motion to strike a pleading on the ground that it does not state a cause of action or defense, without first presenting a motion to have the allegations of the pleadings made more definite and certain, the allegations of such pleading will be liberally construed in favor of the pleader. (*State, ex rel., v. Leopold,* supra, and cases therein cited.)

In view of the liberal construction to be given defendant's answer, do the allegations hereinbefore set forth, as stricken, allege facts sufficient to constitute a defense? We think they do. Briefly, the allegation is that the plaintiffs, Albert B. Rule and Hollis C. Rule, by and through their agents, assumed liability for the accident, paid the defendant Mitchell the sum of $125 which was accepted by Mitchell in full settlement of all claims arising from said accident. Under this allegation, defendant may introduce proof that the plaintiffs themselves entered into the settlement agreement as alleged, or proof that they did it by their agent as set forth, and that the agent had authority and acted within the scope of that authority in so doing. Where agency, that is, the act of an agent, is relied upon as a defense of a claim sued upon, a general allegation is sufficient without averring that the agent had authority to act in the premises, that being regarded as an averment of a conclusion of law or, at best, an unnecessary repetition of a fact already stated. The defendant in alleging the parties to be an agent implies that they were authorized, and the allegation, when properly

denied, can be sustained only by proving an authority, actual or apparent. An act done through an agent may properly be alleged according to its legal effect as the act of the principal, without alluding to the agent at all, or it may be done as in the instant case by averring the act of the principal through his agent. Where the agency is averred, it may be done generally without describing the authority of the agent, in the absence of a motion to make more definite and certain. (2 C. J. 905, § 611; 3 C. J. S. 238, § 305; *Kjerschow v. Daggs,* 24 Ariz. 207, 207 Pac. 1089; *Pacific Mut. Life Ins. Co. of California v. Barton,* 50 F. 2d 362.)

The question of the authority of an agent is one of evidence, not of pleading. (*McAdow v. Railway Co.,* 100 Kan. 309, 313, 164 Pac. 177; L.R.A. 1917E 539; 16 Encyc. Pl. & Pr. 899.)

This brings us to the question whether the defendant may plead settlement as a defense to the plaintiffs' claim. This court has recognized the rule that compromises and settlements may be pleaded as a defense to an action. A plea of settlement is in the nature of a plea of accord and satisfaction, and an allegation that the plaintiff accepted and received matter in full satisfaction is a material one. Either the full terms of the settlement should be alleged or it should be averred that some property, money or other matter was accepted as a release, discharge, satisfaction, or extinguishment of the liability sought to be enforced by the action. (11 Am. Jur. 284, §36.)

We are of the opinion that the allegation set forth in the stricken portion of the answer complies with this rule of law. It is a well established rule in this state that settlement of a debt or claim is the same as payment, and where it is relied upon as a defense, it must be properly pleaded, and it is never admissable under a general denial. (*Roniger v. McIntosh,* 91 Kan. 368, 137 Pac. 792; *Morlan v. Hutchinson,* 116 Kan. 86, 225 Pac. 739; *Hines v. Roberts Bros.,* 117 Kan. 589, 232 Pac. 1050.)

It is not the function of this court at this time to decide whether the defense of settlement, as pleaded by defendant, can be proved on the trial of the action, but rather whether it was available as a defense. The question of evidence or proof as to the facts therein alleged and their binding effect, if any, on plaintiffs is not before us. The effect of the ruling in question was to deprive defendant of a just and meritorious defense, and it was error for the court to sustain the motion to strike.

The judgment of the lower court is reversed and the cases are remanded with instructions to reinstate the stricken portion of defendant's answer.