No. 39,056

Byron G. Rogers, James H. Rogers, and Frank A. Bruno, *Appellants*, v. Florence Beiderwell, *Appellee*.

(262 P. 2d 814)

Opinion filed November 7, 1953.

*Martin F. Trued* and *Brainard L. Anderson*, both of Tribune, were on the briefs for the appellants.

*Logan N. Green*, *Roland H. Tate*, and *Daniel R. Hopkins*, all of Garden City, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: Plaintiffs' action was one for a money judgment based on breach of an oral contract alleged to have been made with defendant's husband.

Plaintiffs' appeal from an order sustaining defendant's demurrer to their petition. Appellee's demurrer was based on four grounds, the last being that the petition failed to state a cause of action against her. That ground of the demurrer was sustained and it is the only ground urged by appellee in support of the ruling.

The first paragraph of the petition recites appellants reside in Denver, Colorado, and appellee resides in Garden City. The petition further alleged:

"Plaintiffs, for their cause of action against the defendant, state that they are lawyers and that on the 25th day of July, 1949, and for several years prior thereto, they were engaged, as partners, under the firm name of Rogers, Bruno and Rogers, in a general practice of law in the City of Denver, Colorado. That the defendant's husband, Dr. E. R. Beiderwell, was a client of plaintiffs during the years 1944 to 1949 inclusive, during which time plaintiffs counseled and advised him, and conducted litigation and negotiations germane thereto in numerous matters for him; that during said time, the said E. R. Beiderwell entered into numberous contracts and transactions pertaining to the purchase and sale by him of alcoholic liquor and warehouse receipts therefor; and that on many occasions beginning in 1944 plaintiffs advised the said E. R. Beiderwell, and conducted litigation for him in matters arising out of and ancillary to a certain contract between the said E. R. Beiderwell and the Barton Distilling Company dated the 5th day of August, 1944, which said contract was purchased by and assigned to the Seagrams Distilling Company by the Barton Distilling Company on the 14th day of April, 1947.

"Plaintiffs further state that on the 22nd day of January, 1948, the said E. R. Beiderwell assigned, by written assignment, to the defendant herein, all of his right, title and interest in the above mentioned contract dated April 14, 1947, with the Barton Distilling Company. That the plaintiffs herein did not learn of said assignment until February 8, 1950. That thereafter on the 11th day of April, 1949, the said E. R. Beiderwell came to the offices of the plaintiffs in Denver, Colorado, *and although acting as the agent of the defendant,* represented to them that he had a claim against the Seagrams Distilling Company based upon the aforesaid contract; that he desired to employ plaintiffs to prosecute said claim for him; and plaintiffs, relying upon the representations of the said E. R. Beiderwell as to his ownership of the claim, on said day entered into an oral agreement with the said E. R. Beiderwell by the terms of which they were to prosecute or settle said claim for him and receive as their compensation, for so doing, fifty percent of all money recovered by them from the Seagrams Distilling Company on said claim.

"That thereafter, plaintiffs, pursuant to their agreement with E. R. Beiderwell, entered into lengthy negotiations with the Seagrams Distilling Company

and by their efforts and with the consent and approval of the defendant and the said E. R. Beiderwell, procured an agreement with the Seagrams Distilling Company, whereby the Seagrams Distilling Company agreed to pay E. R. Beiderwell the sum of Thirty Four Thousand ($34,000.00) Dollars in full and complete satisfaction of the claim; that the said E. R. Beiderwell, at Garden City, Kansas, on the 25th day of July, 1949, with the full knowledge and consent of the defendant, executed releases to the Seagrams Distilling Company and received from said company, through these plaintiffs, the full sum of Thirty Four Thousand ($34,000.00) Dollars for the use and benefit of the defendant; that on the same day the plaintiffs made claim upon the said E. R. Beiderwell for the sum of Seventeen Thousand ($17,000.00) Dollars, as their compensation for prosecuting and settling said claim and that the said E. R. Beiderwell failed and refused and still refuses to pay the same; that thereafter upon learning of the interest of the defendant in the matter aforesaid, plaintiffs have made demand upon her for said sum of Seventeen Thousand ($17,000.00) Dollars and that the defendant has failed and refused and still refuses to pay the same or any part thereof to plaintiffs." (Our italics.)

The question presented is whether the petition contains sufficient allegations of agency to state a cause of action against appellee. In *Donie v. Associated Co., Inc.*, 173 Kan. 753, 252 P. 2d 609, it was held the president of a corporation, the alleged agent, was without legal authority to declare dividends. However, relative to the sufficiency of pleading agency generally it was said:

"For the sake of argument, and as a general proposition of pleading, it may be conceded that the usual averment, 'duly authorized agent,' particularly in the absence of a motion to make more definite and certain, is a sufficient allegation of such fact in most pleadings where the question of agency is involved." (p. 757.)

In *Rule v. Mitchell*, 173 Kan. 803, 252 P. 2d 924, it was held:

"In an action to recover damages for personal injuries and damage to an automobile alleged to have been caused by defendant's negligence, the answer alleged that subsequent to the date of said accident, plaintiffs by and through their agent (giving name), assumed liability for said accident, paid to defendant the sum of $125 and defendant accepted said sum in full settlement of all claims arising from said accident. Plaintiffs' motion to strike this allegation was sustained. *Held* it was proper for defendant to plead such allegation as a defense and the motion to strike was erroneously sustained." (Syl. ¶ 5.)

In the course of the opinion we said:

"The defendant in alleging the parties to be an agent implies that they were authorized, and the allegation, when properly denied, can be sustained only by proving an authority, actual or apparent. An act done through an agent may properly be alleged according to its legal effect as the act of the principal, without alluding to the agent at all, or it may be done as in the instant case by averring the act of the principal through his agent. Where the agency is averred, it may be done generally without describing the authority of the agent,

in the absence of a motion to make more definite and certain. (2 C. J. 905, § 611; 3 C. J. S. 238, § 305; *Kjerschow v. Daggs*, 24 Ariz. 207, 207 Pac. 1089; *Pacific Mut. Life Ins. Co. of California v. Barton*, 50 F. 2d 362.)

"The question of the authority of an agent is one of evidence, not of pleading. (*McAdow v. Railway Co.*, 100 Kan. 309, 313, 164 Pac. 177; L. R. A. 1917E 539; 16 Encyc. Pl. & Pr. 899.)" (p. 805, 806.)

In the above cited Arizona case it was held:

"Where an agency is alleged, a general allegation is sufficient without averring that the agent had authority to act in the premises; that being regarded as an averment of a conclusion of law or an unnecessary repetition." (Syl. ¶ 1.)

Appellee criticizes the italicized allegation in the instant petition, to wit, ". . . and although acting as the agent of the defendant . . .," contending it is not a direct allegation of agency. The allegation of agency might well have contained a statement that the agency was authorized. As already indicated, however, the lack of a statement of authorization did not render the petition completely vulnerable. There was no motion to make it more definite and certain and on demurrer it must be liberally construed in favor of the pleader. We think the allegation is reasonably understandable. It means that although E. R. Beiderwell represented he had a claim he was, in fact, acting as the agent for appellee, his wife.

The criticized allegation, however, is not all the petition that has a bearing on the subject of agency. It will be observed the third paragraph of the petition further alleges the actions of appellee's husband therein described were performed ". . . with the consent and approval of the defendant . . ." and ". . . with the full knowledge and consent of the defendant . . ." and that E. R. Beiderwell received the full sum of $34,000 for the use and benefit of the defendant.

What was the legal effect of these facts which for purposes of the demurrer were admitted to be true? The question was squarely presented in *Will v. Hughes*, 172 Kan. 45, 238 P. 2d 478, relied on by appellants. In that case a defendant landowner disavowed original authority of her brother to interfere with the harvesting of crops by her tenant. We said:

"But was Margaret responsible for such interference? There was no evidence she authorized the acts of James before they were committed. She did, however, retain the benefits of the wrongful act. According to plaintiff's evidence she never accounted to him for any of the wheat James removed.

"In 2 C. J. S., Agency, § 34a, the rule is stated thus:

"'Ratification in agency is an adoption or confirmation by one person of an act performed on his behalf by another without authority. The substance of the doctrine is confirmation after conduct, amounting to a substitute for prior authority.'

"To the same effect is the statement in 2 Am. Jur., Agency, § 232, and in other authorities.

"In *Flitch v. Boyle,* 149 Kan. 834, 89 P. 2d 909, it was held:

" 'When a principal, expressly or implied[ly], elects to ratify an unauthorized act, he must, so far as it is entire, ratify the whole of it and he will not be permitted to accept its benefits and reject its burdens.' (Syl. ¶ 1.)

"See, also, *Watson v. Woodruff,* 154 Kan. 61, 114 P. 2d 864. The ratification by the principal of an unauthorized act of his agent is equivalent to an original grant of authority. (*Aultman v. Knoll,* 71 Kan. 109, 79 Pac. 1074.) Upon acquiring knowledge of the agent's unauthorized act the principal should promptly repudiate the act. Otherwise, it will be presumed he has ratified and affirmed the act. (*Isaacs v. Motor Co.,* 108 Kan. 17, 193 Pac. 1081.) In all cases he must repudiate the unauthorized act at least within a reasonable time. (*Hartwell v. Manufacturing Co.,* 78 Kan. 259, 97 Pac. 432.)". (p. 53, 54.)

So in the instant case we think the ratification by appellee of her husband's action, if originally unauthorized, was equivalent to an original grant of authority.

The demurrer was improperly sustained and the order is reversed.