COMER LBR. & SUPPLY CO. *v.* WOODWARD.

5-2788                                          361 S. W. 2d 259

Opinion delivered October 29, 1962.

*Bernard Whetstone,* for appellant.

*Keith, Clegg & Eckert,* for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from an order sustaining a demurrer to appellant's complaint and dismissing the complaint as failing to state a cause of action. Appellant, Comer Lumber and Supply Company, a supplier of oil well drilling materials, sued appellees, W. A. G. Woodward and others, joint owners of the working interest in an oil and gas lease, for supplies furnished to drill a well on the leased property.

Appellees demurred to appellant's complaint, and the trial court sustained the demurrer and offered appellant additional time to amend its complaint. Appellant elected to stand on its original complaint, and the complaint was therefore dismissed. From the order of dismissal comes this appeal.

For reversal appellant urges simply that the trial court erred in sustaining the demurrer and in dismissing the complaint.

Omitting the formal parts, the complaint reads as follows:

"1. Plaintiff is a domestic corporation with its principal place of business in the City of El Dorado, where it is, and was at all times herein mentioned, engaged in the lumber and building supply business, including material and supplies for the drilling of oil and gas wells, and allied endeavors.

"2. Defendants are individual citizens and residents of Columbia County.

"3. At all times herein mentioned defendants were the joint owners of the working interest in an oil and gas lease covering the SE¼ of the SE¼ of Section 5, Township 20 South, Range 26 West, in Lafayette County . . .

"4. Under the terms of said leases (of which these defendants were assignees), and as owners of the working interest in said leases, defendants were obligated to drill a certain well on the above described property.

"5. Pursuant to this obligation, and in compliance with it, the defendants engaged one Beverly Johnson, who at the time was operating under the trade name of The Magnolia Company, as its agent to drill said well.

"6. Thereafter, said Beverly Johnson engaged one A. A. Morgan as a subagent to handle the actual drilling. This was shortly before February 6, 1960.

"7. The engaging of said Beverly Johnson and his, in turn, engaging A. A. Morgan, as aforesaid, was well known and with the active consent of all the defendants.

"8. Pursuant to this arrangement, said A. A. Morgan ordered certain supplies for the drilling of said well over a period beginning February 8, 1960, to March 31, 1960, which supplies were delivered by plaintiff and used by said A. A. Morgan in the drilling of the well identified as State-Moore No. 1, 330 feet south and 380 feet west of the northeast corner of the SE¼ of the SE¼ of Section 5, Township 20 South, Range 26 West in Lafayette County. Itemized statement of said supplies in the form of duplicate invoices and ledger statement, showing a balance due in the amount of $4,774.58, duly verified by H. H. Causey, president and general manager of the Comer Lumber and Supply Company, is attached hereto marked Exhibit A, and made a part of this complaint.

"9. Said balance is still due and owing this plaintiff in spite of due and repeated demands therefor.

"Wherefore, premises considered, plaintiff . . . prays judgment against the defendants, . . ., jointly and severally, in the amount of $4,774.58, with interest . . . plus costs, and for all other proper relief.''

To sustain his contention, appellant relies heavily upon *Superior Oil Company* v. *Etheridge,* 219 Ark. 289, 242 S. W. 2d 718. In that case the court held that "the lease of Superior was properly subjected to the lien of Etheridge". The Superior Oil Co. case has no bearing on the instant case. The case at bar is not a lien case—it must stand or fall on the theory of agency.

The appellees contend earnestly that the allegations in the complaint, to withstand demurrer, should allege that Beverly Johnson had been appointed as agent; that Beverly Johnson had been given authority to appoint a subagent; that A. A. Morgan had been appointed a subagent and that said authority given to Beverly Johnson, and, in turn, delegated to A. A. Morgan, permitted Morgan to incur debts in behalf of the appellees; that any language of such tenor might be sufficient, but that, instead, the complaint only contains, vague, innocuous and legally meaningless language.

We think the allegations are reasonably understandable. The complaint alleges that appellees engaged an agent, who in turn engaged a subagent, with appellees' knowledge and consent. [See paragraphs 5, 6, and 7, of the complaint, *supra*.] It will also be observed that in paragraph 8 of the complaint, appellant alleges that the supplies were used in drilling a well on the same property that it earlier alleged was leased to appellees [paragraph 3, complaint, *supra*].

The allegations of agency might well have contained a statement that the agency was authorized, but the lack of such a statement does not render the complaint completely vulnerable. Appellees filed no motion to make the complaint more definite and certain. The long-standing rule of this court is that in testing the sufficiency of a complaint on general demurrer, the court indulges every reasonable intendment in its favor, and the demurrer should be overruled if the facts stated, together with every reasonable inference arising therefrom, constitute a cause of action. *Neal* v. *Parker,* 200 Ark. 10, 139 S. W. 2d 41. It is generally held that where agency is averred, it may be

done without describing the authority of the agent, in the absence of a motion to make more definite and certain. 2 C.J. 905, § 611; 3 C.J.S., Agency, § 305, p. 238; *Kjerschow* v. *Daggs,* 24 Ariz. 207, 207 P. 1089; *Pacific Mut. Life Ins. Co.* v. *Barton,* 5th Cir., 50 F. 2d 362; *Rule* v. *Mitchell,* 173 Kan. 803, 252 P. 2d 924. The question of authority of an agent is one of evidence, not of pleading. This rule is well stated in the holding in *Rogers* v. *Beiderwell,* 175 Kan. 223, 262 P. 2d 814, 45 A.L.R. 2d 578, as follows:

''Where a petition alleges that another acted as agent of the defendant, such general allegation is ordinarily sufficient without averring that the agent had authority to act in the premises, in the absence of a motion to make more definite and certain, the question of the agent's authority being one of evidence, not of pleading.''

Applying this rule to the facts in the case at bar, we find that the demurrer was improperly sustained and the order of dismissal is therefore reversed.