EVERARD BIERER, *et al.*, V. REED FRETZ.

DEFENSE—*Facts Pleaded, Not Basis of Another Action.* Where certain facts were pleaded as a defense in an action, and a final judgment was rendered therein, necessarily deciding the merits of such defense, the same facts cannot again be the basis of an action between the same parties, arising out of the same transaction, though in the former action the facts were pleaded as a defense only, and no claim was made thereon for affirmative relief.

*Error from Brown District Court.*

THE facts of this case are stated in *Bierer v. Fretz*, 32 Kas. 329, *et seq.*, and in the opinion herein. Judgment for defendant at the September Term, 1885. The plaintiffs bring the case here.

*E. Bierer*, for plaintiffs in error.

*James Falloon*, for defendant in error.

Opinion by HOLT, C.: This action was brought by Bierer and Downer against Fretz. At the September term, 1885, a trial was had, and a judgment rendered for the defendant. Plaintiffs bring the case here for review.

The defendant Fretz, in his answer, sets forth as a defense to plaintiffs' cause of action that the same matter had once before been adjudicated and decided in an action wherein Fretz was plaintiff, and Bierer and Downer were defendants. All the evidence introduced in this case was on that issue; and the only question we are called upon to consider is, whether the subject-matter of this action has once before been passed upon. In the action referred to in defendant's answer, Fretz, the defendant now, the plaintiff then, obtained a judgment against the plaintiffs in this action. Bierer and Downer carried the same to the supreme court. (*Bierer v. Fretz*, 32 Kas. 329.) The facts detailed in that opinion will more fully explain the circumstances under which this action was brought.

In the first action Bierer and Downer set forth in their answer about all the facts set forth in their petition in this action, although not with the same fullness and amplitude. During the progress of the former trial they obtained leave of the court to withdraw their counterclaim. Whatever is meant by counterclaim in this connection, we can judge best by the record, from which it appears that they withdrew their prayer for affirmative relief, but that the statement of facts was left in their answer as a defense to the claim set forth in the plaintiff's petition, exactly the same as it was when they asked for a judgment thereon in their favor for $1,000.

The plaintiffs offer as evidence all the testimony introduced in the former case. They also complain of some of the rulings in that action; or, as the plaintiffs state in their brief, in substance, that, notwithstanding there were allegations of·fraud and misrepresentations used and practiced on the part of Fretz,. in the answer of these plaintiffs (then defendants in the former action), which were similar to the allegations of fraud and misrepresentations set up by the plaintiffs in the petition in the

present case, yet the real issues raised by the petition in this case and the first count of the answer, a general denial, were not then tried. Then, in their brief, they say:

"When the counterclaim of defendants in the original case was withdrawn by consent of the court, it was intended by defendants' counsel, and was so asked of the court, that all the matter and allegations in said answer charging fraud and misrepresentations upon Fretz should be eliminated and withdrawn from said answer. But while the court permitted the bare counterclaim of $1,000 to be withdrawn, it refused to let defendants withdraw and eliminate from their answer the statements and charges of fraud and misrepresentation upon which their counterclaim was based. And then afterward, upon trial, the court did the defendants the great injustice of refusing to permit them to introduce in their defense any evidence of the fraud and misrepresentations charged, excepting some small fractions of such testimony which were incidentally brought out in relation to the other issues in the case."

And further, they state:

"It certainly comes with an ill grace for the same court in the present action to refuse plaintiffs a hearing and 'their day in court,' because, forsooth, the charges of fraud, artifice and misrepresentation in their petition in the present case are substantially the same as those contained in their answer in the former action."

We presume it will be conceded, that when a fact has once been determined in the course of judicial proceedings and a final judgment has been rendered in accordance therewith, from motives of public policy it ought not and cannot be litigated again between the same parties. "It is a rule of law that a man shall not be twice vexed for one and the same cause." This rule has been so long established, and is so salutary in its results, and the reasons therefor are so generally and thoroughly understood, that it needs no comment or explanation here.

Was the cause the same in the former action between these parties, as the one we are now considering? Let us examine the matter from the statements of plaintiffs' brief, which states the matter as strongly in their favor as the record justifies

them in doing. The plaintiffs in this action, defendants in the former one, at their own request withdrew their prayer for affirmative relief, in the nature of a counterclaim, and asked to amend their answer, and make the allegation of fraud more specific and certain. The court refused to allow them to make the amendments asked. The defendants then stood upon their defense as set forth in their answer, but the court refused to allow testimony to be introduced on the allegation of fraud, except as it was relevant to the other issues in the case. The statement of facts remained in the answer in the former case substantially the same as the statement in the petition in the action we are now considering, and all the questions in the issues in this case were necessarily within the issues in the former case, whether formally litigated or not, and the determination of which was of necessity included in that judgment. In that action, if the answer had been true, there could have been no recovery on the part of Fretz, and the defendants would have recovered a judgment for their costs, at least. We do not see how the same facts can be held to be worthless as a defense and good as a counterclaim, in a cause of action between the same parties, arising out of the same transaction. A party cannot split up his defenses and present them by piecemeal in successive suits arising out of the same transaction, nor can he relitigate matters which he might have interposed, but failed to do, in a prior action between the same parties about the same subject-matter; and this rule holds true whether the matter that might have been litigated in the former trial would have been therein a ground of action or a defense to the action then pending. A judgment for Fretz in the former action disposed of not only the defenses supported by evidence, but all others that were tried or ought to have been tried, and swept them all away, and that too for the purposes of all subsequent actions which might have been founded upon the same transaction.

The plaintiffs in error seem to rely upon what the court said in the action of *Bierer v. Fretz*, 32 Kas. 333, 334. Mr. Justice VALENTINE, speaking for the court, says:

"The plaintiffs in error, defendants below, make the further

points, that this instrument is void for various uncertainties and obscurities in its terms; that it does not contain the entire contract between the parties; that other and additional matters were agreed to between the parties; and that its execution was procured by fraud of Fretz and others."

Then, after citing some evidence that might be held to sustain the points claimed, he says further:

"We do not think that these matters will render the written contract between Fretz and Bierer and Downer void. They are no part of the written contract; they do not show such fraud in its inception as to render it void; and if they form a separate and independent contract, or if in any manner they may be considered as constituting the basis or foundation for a cause of action, Bierer and Downer may set them forth in some other action."

The petition filed in this action, though lengthy and elaborate, does not set forth a contract separate and distinct from the one pleaded in the former action; but, on the other hand, it does set forth the same transaction, the same written contract, the other and additional matters agreed to between the parties, and the same allegations of fraud. The plaintiffs complain of the ruling of the court, in the former action, in excluding evidence tending to establish fraud. It is not our province to examine this objection. The judgment in the former trial has been complained of heretofore in this court, and on review it was held to be correct, necessarily including the rulings upon the exclusion of testimony. We presume, however, that plaintiffs urge such ruling upon the attention of this court for the purpose of showing that the question of fraud was not tried in the former case. If it were not for the answer of defendants in that action, it is possible that the claim of plaintiffs might have some force, though the record would not of itself necessarily establish it; but under the petition of the plaintiffs in this action, and their answer in the former one, they have no ground to complain of the judgment of the trial court. They show conclusively that the same cause of action, arising out of the same transaction, between

the same parties, was attempted to be relitigated. The court held the former judgment a bar. That is correct.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.
All the Justices concurring.