REUBEN M. MANLEY, *Execu'or*, v. FREELING TUFTS, *as Receiver*.

**No. 10822.**

RES JUDICATA—*judgment for plaintiff on balance confessed on mutual accounts, bars action by defendant on separate item.* An action was brought by R. to recover a balance upon an unsettled account with B. B. confessed judgment for the amount asked by R. in a sworn statement which contained the debits and credits of an account between them, and which extended over a long period of time. Long after judgment had been rendered, B. brought an action upon an item, which if correct, constituted a part of the unsettled account upon which judgment had been previously confessed in favor of R. *Held*, that the doctrine of *res adjudicata* applies, and that the judgment in favor of R. is a complete bar to a recovery of the claim of B.

Error from Atchison District Court. W. D. Webb, Judge. Opinion filed October 8, 1898. *Reversed*.

*L. F. Bird*, for plaintiff in error.

*B. F. Hudson*, for defendant in error.

JOHNSTON, J. This was an action brought by Freeling Tufts, as receiver for the Kansas Trust and Banking Company, against William H. Risk, as executor of the estate of George Manley, deceased, and E. C. Armsby. Risk having been relieved from his duties as executor, the proceeding was revived in this court in the name of Reuben M. Manley, executor, as the successor. It was brought to recover $1793.86 alleged to have been borrowed by George Manley in his lifetime from the Kansas Trust and Banking Company, and through his agent, Reuben M. Manley. Among other things, it was alleged in the petition that George Manley sold a block of ground in the city of Atchison, through his son Reuben M. Manley, who later discovered that the taxes for a previous year had not been paid, and that the property had been sold for the taxes of that year

and a certificate issued therefor, which was in the hands of A. H. Rogers.

After some negotiations between them, Rogers agreed to surrender the certificate for the sum of $1793.86, and Manley directed him to forward the certificate, assigned to E. C. Armsby, with a sight draft for that amount. The certificate was forwarded with the sight draft, and being presented at the business house of the Kansas Trust and Banking Company, it was paid out of its funds, by direction of its vice president and general manager, R. M. Manley. Armsby, to whom the certificate was assigned, executed his promissory note for the amount on August 22, 1889, and it was made payable on January 1, 1890, with interest thereon at the rate of eight per cent. per annum. It was alleged that Armsby never at any time held anything but the naked legal title to the tax certificate, but held it in trust for George Manley, who was alleged to be the real owner thereof, and that the money advanced by the company was the debt of George Manley, but that upon demand he had refused payment.

Armsby made default, but the executor answered, alleging, *first*, that the petition did not state facts sufficient to constitute a cause of action; *second*, that sometime previously George Manley, since deceased, began an action in the District Court of Atchison County against the county clerk and A. H. Rogers and others, to perpetually enjoin the issuance of a tax deed upon the tax certificate in question, and that A. H. Rogers, who was then the holder of such certificate, was made a party defendant in that action. Upon proceedings had therein a temporary injunction was granted, which was still in full force and effect, but the action was still pending and undetermined. It was further answered that subsequently Armsby had purchased the certificate from Rogers, and was

still the owner and holder thereof; that the purchase was not made on account of George Manley, and that if Reuben M. Manley instigated or procured Armsby to purchase the same, it was on his own account, and not as the agent of George Manley, deceased; that the powers of Reuben M. Manley were defined by a written power-of-attorney given him by George Manley, and which was on record in Atchison County; that since the purchase of this tax certificate by Armsby, the company had claimed to be the owner and holder of it, and was estopped from denying that fact.

As a further defense, it was alleged that on March 13, 1893, the executor recovered a judgment in the circuit court of the United States against the Kansas Trust and Banking Company, in the sum of $8585.53, upon an unsettled account which the Banking Company had with him, and that the judgment was still in full force and effect, and that it operated as a complete bar to the claim now presented by the plaintiff. A trial was had without a jury, and a general finding was made by the court in favor of the plaintiff, upon which it was awarded judgment for $1793.86.

Although it is strongly contended that the testimony shows Armsby to have been a purchaser of the tax certificate, and that the money was advanced to him alone, also that no cause of action was alleged, or established, against the executor, and further, that no one had authority, or in fact did borrow money for, or in behalf of, George Manley, we find it unnecessary to examine or determine any of these questions. It was shown beyond dispute that Risk, as executor of the estate of George Manley, deceased, brought an action against the Kansas Trust and Banking Company in the federal court, to recover the balance of an unsettled account between George Man-

ley and the company. A judgment was rendered upon the confession of the company on March 13, 1893, for a balance of $8585.53. From the pleadings and record in that case, it appears to have been an attempt at a settlement of the mutual transactions between these parties for a series of years; and included hundreds of items for moneys deposited by, and collected for, George Manley, on the one side, and of moneys advanced and paid out by the company for, and on behalf of, George Manley.

If the theory of the company is correct, the money which it advanced when the note of Armsby was received was paid out for George Manley as in scores of other instances, and was an item in the running account between the parties. Being a part of the account, and a mere item in the claim of the plaintiff, the doctrine of *res adjudicata* applies and it cannot be made the subject of another litigation. As has been held, a party cannot split up his causes of action or defense and present them by piecemeal in successive suits; nor can he, after judgment, relitigate matters which were or should have been, litigated in the former action. *Bierer v. Fretz*, 37 Kan. 30, 14 Pac. 558; *Hentig v. Redden*, 46 id. 231, 26 Pac. 701; *Railroad Co. v. Anderson County*, 47 id. 767, 29 Pac. 96; *Larimer v. Knoyle*, 43 id. 338, 23 Pac. 487.

As was said in *Roe v. Roe* (52 id. 728, 35 Pac. 809): "It is the general policy of the law, strongly adhered to by this court in its prior decisions, to require every question properly involved in any suit, to be disposed of by the judgment finally rendered in the case." The transaction in question cannot be regarded as an independent one, nor treated in the light of a separate set-off, but it constitutes a part of the account which formed the basis of the judgment, and is concluded by it. There is a greater reason for applying the doctrine

of *res adjudicata* in this case than in the ordinary action for recovery upon account. Here a detailed account of the mutual dealings between the parties was set forth in the plaintiff's petition; the defendant, in its confession of judgment, set forth the account in detail, giving the items, both of debit and credit, of the mutual dealings between the parties, and then upon oath admitted that there was a balance due the plaintiff from it of $8585.53. It was a settlement of the mutual claims between the parties, and was like unto an account stated between them. The balance having been struck, and the amount due agreed upon, they have foreclosed an inquiry into all the antecedent items of the account, unless it is alleged or shown that they were omitted through mistake or fraud. No such averment was made, and therefore it must be concluded that the judgment agreed to and rendered in the matter of the account as between them is as conclusive in respect to the item for which this action was brought as any other of the items of the plaintiff's claim.

The judgment of the District Court will, therefore, be reversed and the case remanded, with instructions to proceed and render judgment in accordance with this opinion.