No. 26,677.

F. H. WALSH, as Administrator, etc., *Appellee,* v. G. H. HILL et al., as Administrators, etc., *Appellants.*

SYLLABUS BY THE COURT.

1. AGENCY—*Liability of Agent—Securities of Agent Charged to Principal Without Knowledge.* It is held that under the circumstances presented an agent who handled money for his principal, a woman, making investments in his discretion in accordance with his own judgment, was liable to her for an amount charged by him against her in his books in return for securities of his own which he undertook to turn over to her without her consent or knowledge.

2. SAME—*Liability of Agent—Ratification by Principal—Res Judicata—Splitting Causes of Action.* It is held that under the circumstances presented, the fact that the principal referred to in the foregoing paragraph had filed a claim against the estate of the agent for the sum shown to be due her by the books kept by him did not preclude her—either by ratification, res judicata, or the rule against splitting causes of action—from recovering against the estate the amount wrongfully charged against her in connection with his attempt to sell his own property to her.

Agency, 2 C. J. pp. 704 n. 99, 729 n. 92, 734 n. 60; 21 R. C. L. 829. Appeal and Error, 4 C. J. p. 1060 n. 20. Judgments, 34 C. J. pp. 832 n. 58, 833 n. 63.

3. TRIAL—*Findings by Court—Change After Expiration of Term.* An addition made to a finding of the court after the expiration of the term at which judgment was rendered, but while a motion for a new trial was pending, is held under the circumstances presented not to have constituted reversible error.

4. AGENCY—*Liability of Agent—Exchange of Securities in Good Faith.* A decision against the liability of an agent in the situation indicated in the first of the foregoing paragraphs is upheld where, with the purpose of getting more valuable property for his principal, he exchanged some of her securities in his hands for others of at least equal value.

5. TRIAL—*Findings by Court.* The refusal to make requested alterations in the court's findings is held not to have been error.

Appeal from Franklin district court; HUGH MEANS, judge. Opinion filed June 12, 1926. Affirmed.

*F. M. Harris, F. A. Waddle* and *W. S. Jenks,* all of Ottawa, for the appellants.

*Raymond F. Rice,* of Lawrence, and *R. R. Redmond,* of Ottawa, for the appellee.

The opinion of the court was delivered by

MASON, J.:    C. W. Goodin acted for some eleven years as agent for Anna B. Walsh, a widow, making investments for her, collecting interest and rents, paying taxes and making repairs. He died July 28, 1922. In March, 1923, she filed a claim against his estate for $1,952.92, based upon a note for $1,200 given by him to her, and a balance of $752.92 shown by the books kept by him to be due her. This claim was allowed and is involved here only for the possible bearing its presentation may have upon a claim against the estate for $16,768.85, which she filed June 25, 1923, based upon the contention that in two instances he had made investments professedly in her behalf under such circumstances that she should not be charged with them. This claim was disallowed and she appealed to the district court. She died February 8, 1924, and her administrator was substituted as plaintiff. Upon a trial without a jury the court rendered judgment for the plaintiff upon one of the items and for the defendants on the other. The defendants appeal and the plaintiff by way of cross appeal asks that the judgment be modified so as to. grant a recovery upon both branches of the claim.

1. Full findings of fact were made, which the defendants urge require judgment in their favor upon the item concerning which the court ruled against them, referred to as the Schone claim, as well

as upon the other, called the Wimmer claim. The facts as found in regard to the Schone claim may be thus summarized: For many years Goodin acted as general agent for Mrs. Walsh in the matter of investments, buying with her money, left in his hands for the purpose, notes, mortgages and other securities in his own discretion, making entries showing the transactions in two books, retaining one and giving the other to her. Before April 25, 1922, one C. D. Darnell owned a tract of land in Heathwood addition to Kansas City, Kan., subject to a first mortgage of $1,000 to a bank, and to an option contract given by him to Hugh L. Schone, contemplating its purchase for $7,000. Prior to the date named Darnell conveyed by deed and assignment his interest in this land and in the option contract to Goodin. The deed was acknowledged June 29, 1921, and the assignment was dated July 5, 1921. On April 25, 1922, Goodin entered upon the duplicate books referred to a charge of $6,618.85 against Mrs. Walsh, for "Hugh L. Schone contract bought and accrued int.," the papers in relation to the matter being at that time labeled as her property and placed with others belonging to her. What Darnell received from Goodin in exchange for the Schone contract was property belonging to Goodin personally, in which Mrs. Walsh had no interest, her name not being mentioned in the transaction and she having no knowledge of the matter until after Goodin's death.

Under these findings the court was justified in giving the plaintiff judgment for the amount charged against Mrs. Walsh on account of the Schone deal. Irrespective of the value of the contract or the land, and conceding freely that Goodin was not liable for losses to his principal through any mistake of judgment, he could not in this manner unload his own property upon his principal, and the trial court was right in eliminating this charge against Mrs. Walsh and saying that "under the facts in this case C. W. Goodin could not place among the securities belonging to Anna B. Walsh the Schone contract and take credit for the value thereof in the manner that he did."

2. . The defendants urge that the filing and allowance of the claim of Mrs. Walsh against the Goodin estate for $752.92, the amount shown by Goodin's books to be due her, is fatal to her recovery here on the grounds of ratification, *res judicata,* and the rule against the splitting of a single cause of action. At the time the claim against the estate for $752.92 was filed Mrs. Walsh knew of the features of

the Schone deal on which the objections to the charge against her in that connection are made. But it by no means follows that by asserting her claim for that amount she intended to ratify the charge. There was a controversy over that matter and also over the Wimmer transaction. These controversies did not in the least affect the validity of the demand for $752.92, except possibly in a way to be hereinafter referred to. That demand was due or was naturally supposed to be due in any event. It was not contested. Its presentation was largely a matter of form, and whatever effect it might have upon the Schone claim by reason of any other principle, it did not show—that is, it did not conclusively show—a purpose on her part to ratify the unloading upon her of Goodin's own investment in the Schone land.

The Schone deal was not actually litigated in the proceeding begun by the filing of the claim for $752.92; and as the second claim had been filed before the allowance of the first one, no one could have been misled into supposing it was involved in that allowance. Of course a judgment in an action to recover the balance of an unsettled account will ordinarily be a bar to an attempt to litigate later a separate item, as shown in *Manley v. Tufts,* 59 Kan. 660, 54 Pac. 683, relied upon here by the defendants. But that case recognizes that the rigidity of the rule against the splitting of actions may be affected by special circumstances, as shown by this language:

"As has been held, a party cannot split up his causes of action or defense and present them by piecemeal in successive suits; nor can he, after judgment, relitigate matters which were or should have been litigated in the former action. . . . There is a greater reason for applying the doctrine of *res adjudicata* in this case than in the ordinary action for recovery upon account. Here a detailed account of the mutual dealings between the parties was set forth in the plaintiff's petition; the defendant, in its confession of judgment, set forth the account in detail, giving the items, both of debit and credit, of the mutual dealings between the parties, and then upon oath admitted that there was a balance due the plaintiff from it of $8,585.53. It was a settlement of the mutual claims between the parties, and was like unto an account stated between them. The balance having been struck, and the amount due agreed upon, they have foreclosed an inquiry into all the antecedent items of the account, unless it is alleged or shown that they were omitted through mistake or fraud." (pp. 663, 664.)

In the present case the only controversy between the parties had to do with the two specific matters, having no relation to any other entries in Goodin's book. The practice followed was readily suggested by and reasonably adapted to the existing situation, and had

no tendency to defeat substantial justice. We do not regard it as a sufficient ground of reversal.

In a reply brief the defendants urge that the books kept by Goodin showed that the balance of $752.92 was due to a credit given Mrs. Walsh in connection with the Wimmer and Schone deals. If this be so we do not think the books revealed this fact with sufficient clearness to charge her with such actual or constructive knowledge thereof as to require a change in the conclusions we have already announced.

3. The evidence was introduced and arguments of counsel made at the September, 1924, term of court, the case then being taken under advisement. Judgment was rendered at the January term, findings of fact and conclusions of law being then made. Each party filed a motion for a new trial. At the April term the plaintiff, by leave of court, filed a motion asking for changes in the findings and conclusions. At that term the latter motion was overruled except that some addition was made to one finding, and the motions for new trials were also overruled. The defendants contend that the findings, being a part of the judgment, or the basis of it, could not be changed after the expiration of the term at which they were made. It is held that a court has no authority at a later term to change its findings (except in accordance with a statute) without granting a new trial. (*Holm v. Davis*, 41 Utah, 200, cited in 26 R. C. L. 1094.) Assuming this to be true, we do not think the modification of the finding in the present case would justify a reversal. The new matter added was in no way inconsistent with the original finding; it merely went more into detail. The substance of the additional statements could doubtless have been implied from the general decision and the other findings. At all events if the new matter inserted were entirely disregarded as a finding the judgment could still be upheld.

4. The plaintiff's contention that judgment should also have been rendered in their favor with respect to the Wimmer matter we consider not well founded. Goodin exchanged some securities in his hands belonging to Mrs. Walsh for an interest in land of doubtful value. The plaintiff characterizes the venture as a speculation rather than an investment. The situation here, however, is very different from that presented by the Schone deal. The trial court found that Goodin's purpose was to exchange Mrs. Walsh's securities for others of greater value, and that what he obtained for them

was of at least as much value as what he gave up.  Under such circumstances, there being no intentional wrong and no actual loss, we think the court rightly held there was no liability.

5. The plaintiff also complains of the refusal of the trial court to make further changes in the original findings.  There could be no ground of reversal in this.  If there was room for a difference of opinion as to what the evidence showed concerning the matters involved, the trial court was the final judge of what should be found; if there was no room for such difference, its findings could serve no purpose in this appeal.  A claim that any of the findings were without support in the evidence was one properly to be presented by the motion for a new trial.

The judgment is affirmed.