No. 27,980.

F. H. WALSH, as Administrator of the Estate of Anna B. Walsh, Deceased, *Appellee,* v. G. H. HILL and H. H. HAYES, as Administrators of the Estate of C. W. Goodin, Deceased, *Appellants.*

No. 28,018.

G. H. HILL and H. H. HAYES, as Administrators of the Estate of C. W. Goodin, Deceased, *Appellants,* v. FRANK H. WALSH, as Administrator of the Estate of Anna B. Walsh, Deceased, *Appellee.*

(265 Pac. 1104.)

### SYLLABUS BY THE COURT.

EXECUTORS AND ADMINISTRATORS—*Claims Allowable.* The estate of one who had no interest in certain real property cannot be charged with taxes paid thereon by another.

Appeal from Franklin district court; HUGH MEANS, judge. Opinion filed April 7, 1928. Affirmed.

*F. A. Waddle,* of Ottawa, for the appellants.

*R. R. Redmond,* of Ottawa, and *Raymond F. Rice,* of Lawrence, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: These cases involve a claim for $2,585.09 filed in the probate court of Franklin county by the administrators of the estate of C. W. Goodin, deceased, against the estate of Anna B. Walsh, deceased, for taxes paid by plaintiffs on real property alleged to have been jointly owned by C. W. Goodin, owning two-thirds, and Anna B. Walsh one-third. The probate court allowed the claim in the sum of $833.90, and decreed that the amount allowed should be set off against a claim previously allowed in favor of the administrator of the estate of Anna B. Walsh against the C. W. Goodin estate. The administrator of the estate of Anna B. Walsh took separate appeals: (1) from the order allowing the claim, and (2) from the decree allowing the set-off. These appeals, although not consolidated, were tried together in the district court. The court made findings of fact and conclusions of law, held that the claim should not have been allowed in any sum, and reversed both orders of the probate court. From these judgments the claimants have appealed.

Executors and Administrators, 24 C. J. p. 289 n. 48.

We shall first consider whether the district court correctly ruled that the claim should not have been allowed in any sum, for if that be true there was nothing to set off.

For several years prior to his death July 28, 1922, C. W. Goodin had been the agent for investing funds and securities of Anna B. Walsh, who died February 8, 1924. In an action previously before this court (*Walsh v. Hill,* 121 Kan. 246, 246 Pac. 997) the administrator of the Walsh estate sought to recover from the Goodin estate the amount of investments alleged to have been wrongfully made by Goodin. In that case recovery was allowed for loss sustained in a transaction known as the Schone matter, but recovery was denied for loss alleged to have been sustained in a transaction known as the Wimmer matter, for the reason that the trial court had found that Goodin had exchanged securities of doubtful value owned by Mrs. Walsh for the purpose of obtaining securities of greater value, and that what he obtained was of as much value, at least, as what he gave up, and that the exchange had been made in good faith with no intention of wrong and no actual loss. The Wimmer transaction, as found by the court in this case, may be stated as follows: On April 1, 1922, C. D. Darnall, being the owner of 52½ vacant lots in the Industrial addition to Kansas City, Kan., entered into a written option agreement with John W. Wimmer, wherein Wimmer agreed to purchase the lots for the sum of $31,000, payable $5,000 each year. On April 10, 1922, Darnall assigned to C. W. Goodin his interest in this contract and the notes connected therewith, and on the same day Darnall and wife executed to Goodin a warranty deed for such lots. On April 25, 1922, Goodin invested securities of Mrs. Walsh, then in his possession, in two of the $5,000 notes given by Wimmer in connection with this contract. It later developed that Wimmer did not carry out his contract to purchase, and the notes became of no value. Neither Mrs. Walsh nor her administrator in the previous litigation made any claim to the real property described in this Wimmer contract, the sole contention being that Goodin had wrongfully invested her money or securities in the Wimmer notes. On October 18, 1923, the administrators of the Goodin estate made application and procured permission of the probate court to pay the taxes for the years 1921 and 1922 on 44 of the lots deeded by Darnall to Goodin, representing that the same would be to the best interests of the Goodin estate, and did pay such taxes in the sum of $2,585.09.

No attempt was made to pay the taxes on the other 8½ lots for those years, nor to pay the taxes on any of the lots for other years. On August 31, 1926, the administrators of the Goodin estate filed their claim against the Walsh estate seeking to recover the taxes so paid.

Several questions are argued by the parties, but it will be necessary for us to discuss but one of them. The trial court found that Anna B. Walsh never acquired any title to the real property in question. The deed was made from Darnall and wife to Goodin and remained in his name. The only thing attempted to be set off to Mrs. Walsh by Goodin was certain of the notes given by Wimmer in connection with his contract to purchase. No contention appears to have been made either by Goodin or his administrators, or by Mrs. Walsh or her administrator, that she had any interest in the title to these lots until this claim was filed August 31, 1926. The evidence is not before us. The findings made by the trial court, as amended, are conceded by appellants to be correct. Since Anna B. Walsh never had any interest in the title to the real property, the payment of taxes thereon by Goodin, or by his administrators, created no claim against her or her estate.

The judgment of the court below is affirmed in both cases.